CASE 29—PETITION ORDINARY—JUNE 27.

## Fleming's adm'r vs. Ernst, &c.

APPEAL FROM KENTON CIRCUIT COURT.

An action to recover damages against the Lexington and Covington Railroad Company for negligently causing the death of the decedent in the streets of Covington, brought by his administrator more than one year after he qualified, was barred by the statute of limitations. *The court also held*—That the act of February 17, 1866 (*Myers' Supplement, page* 724), did not apply to such actions.

CARLISLE & O'HARA,                         For Appellant,
                    CITED—
   *Act of March* 10, 1854, 2 *Stant. Rev. Stat.*, 510.
   *Act of February* 17, 1866, *Myers' Sup.*, 724.

STEVENSON & MYERS,                         For Appellees,
                    CITED—
   2 *Stant. Rev. Stat.*, 510.
   *Act of February* 17, 1866, *Myers' Sup.*, 724.
   *Hilliard on Torts, pp.* 132, 133.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action by the administrator of Patrick Fleming against the owners of the Lexington and Covington Rail-

road to recover damages for the death of the intestate, resulting, as alleged, from negligence in conducting the railroad train in a street in the city of Covington, the answer, denying the imputed negligence, and ascribing the death to the decedent's own recklessness, also pleaded that the suit had not been instituted within one year after the qualification of the administrator as prescribed by the statute allowing such an action; and whether the circuit court erred in overruling a demurrer to the plea of limitation, is the only question presented for the revision of this court.

The judgment was right unless the statute of February 17th, 1866 (*Myers' Supplement*, 724), extending the limitation in a specified class of actions for "injuries *illegally* done to persons or property," constructively applies to this action; and we strongly incline to the opinion that it does not. There was no apparent occasion or presumable motive for extending to the restoration of the *habeas corpus* the prescribed limitation to actions for ordinary torts; but there was an obvious motive for such peculiar extension to actions for illegal arrests of persons and spoliations of property by military men under false pretenses of authority, which, about the date of the enactment, were so alarmingly prevalent and irremediable without the privilege of the *habeas corpus*, which was then suspended. Yet there could have been no reason for an extension of the limitation to the restoration of that writ in actions for torts by private citizens without any pretense of military authority. Had such extension been contemplated, it ought to have been made so comprehensive as to embrace all causes of action, even those of contracts. Such idle and unreasonable legislation would have stultified the Legislature.

Looking at the mischief, the remedy provided, the spirit, and the context of the enactment, the only conclusion, either rational or consistent, seems to be that this statute was intended to apply to trespasses under false claim to military authority, and not to the class of cases to which this belongs.

Wherefore, the judgment is affirmed.