CASE 95—FEME COVERT, LEX LOCI CONTRACTUS—MARCH
10, 1885.

# Gibson, &c., v. Sublett, &c.

### APPEAL FROM WOODFORD CIRCUIT COURT.

A married woman residing in Louisiana has the right to bind herself, and'
in this case did bind herself, together with her husband, upon a prom-
issory note.

1. *Held*—Although she could not so bind herself in this State, yet, inas-
much as the law of Louisiana authorized the contract, it must be en-
forced here.

2. Comity between the States requires that such contracts be enforced as
though appellant was a *feme sole.*

JNO. W. GILLESPIE FOR APPELLANTS.

1. Under the laws of Louisiana the note, "the promise to pay," etc., is a
joint obligation, which binds the parties each for his virile share.

2. The signers of the note are husband and wife, and the laws of Louisi-
ana prohibit the wife from binding herself conjointly with her hus-
band.

3. Under the evidence and the law of Louisiana appellant can not be held
bound for any part of the obligation sued upon. (Bank of Louisiana
v. Sterling, 2 La. R., 62; New Orleans v. Ripley, 5 La. R., 122; Civil
Code, articles 2077 to 2083 and 2093; Same, articles 126 to 129, inclu-
sive; City Insurance Co. v. Steam-boat Lizzie Simmons, 19 Annual,
249; Millaudon v. Carson, 25 Annual, 380; Summers & Brannin
v. Hollingsworth, 22 Annual, 286; 16 Annual, 310; 24 Annual,
142, 96 and 89; 26 Annual, 737; Mrs. D. A. Taylor v. Goodrich,
27 Annual; 15 Annual, 352; 19 Annual, 206; 20 Annual, 229; 29
Annual, 123 and 333; 5 Martin, N. S., 56; 5 Annual, 395, 586 and
173; 15 Annual, 628, 621 and 54; 12 Annual, 853; 14 Annual, 172,
700 and 169; 22 Annual, 457; 23 Annual, 196 and 323: Civil Code
(La.), article 1782; *Ib.*, 2398; 7 Martin, N. S., 64; 10 La. R., 146;
Civil Code (La.), articles 2371 to 2373, inclusive; 6 Robinson's La.
Reports, 64; 6 Annual, 57; 2 Annual, 579; 3 Annual, 188; 7 An-
nual, 144; 10 Annual, 433; 20 Annual, 229; 2 Martin, 39; 4 Rob-
inson's La. Reports, 508; 28 Annual, 300; 30 Annual, 291; 31
Annual, 734; 32 Annual, 1108 and 1103; Fairfield v. County of Gal-
latin, 10 Otto, 47; 7 Howard, 178; 16 Wallace, 678; 2 B. K., 532 and
599; 1 Peters, 351; 2 Peters, 675; 4 Peters, 124; 6 Peters, 291; 12
Peters, 291; 2 Otto, 289; 4 Otto, 164 and 260; 1 Martin's La. Reports,
296; 2 Kent, 176, note.)

Gibson, &c., v. Sublett, &c.

PORTER & WALLACE FOR APPELLEES.

1. Under the laws of Louisiana a married woman may bind herself upon a promissory note.
2. The law of the place where the contract is made settles the question of her responsibility.
3. The courts in this State will afford a remedy to enforce her obligation, although our statutes do not authorize the contract. (Bein v. Heath, 6 Howard, 662; 8 B. Mon., 543; 14 B. Mon., 513; 6 Bush, 298; 1 Story's Equity, 385; 3 Bush, 363; 3 Bush, 702; 14 Bush, 544; Story on Con., sections 102, 103, 242; Milliken v. Pratt, 125 Mass.; Bidwell v. Roberson, MS. opinion; 14 B. Mon., 522.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, executor of Lewis Sublett, deceased, brought this action to recover personal judgment against appellants, Tobias and Eva B. Gibson, husband and wife, and subject real property of the latter to the payment of his debt, which is evidenced by the following note, executed in the State of Louisiana, the domicile of appellants:

"TIGERVILLE, TERREBONNE, LA.

"We promise to pay to Mr. Lewis Sublett, of Versailles, Woodford county, Kentucky, the sum of $1,750, ten per cent. interest, in eighteen months from this day. "TOBIAS GIBSON,
"EVA. B. GIBSON."

The lower court rendered judgment against Tobias Gibson for one-half the amount less fifty dollars, previously paid, and for a sale of the property of Eva B. Gibson to satisfy the other half, but refused to render personal judgment against her.

By the terms of the note the obligors, according to the laws of Louisiana, which govern in interpreting the contract, are not severally bound for the whole,

but each is bound, if at all, for one-half only of the amount. And in this respect the judgment rendered is clearly right.

It seems that under the laws of that State a married woman can not by contract bind herself for her husband, nor jointly with him for debts contracted by him before or during their marriage for his own, or the benefit of the community existing in virtue of the marriage. But she may bind herself by contract executed jointly with him and by his authority, where the consideration is for and enures to her separate advantage. Therefore, whether or not the wife is, according to the laws of Louisiana, bound by the note sued on in this case, is a question of fact to be determined by the evidence.

At the time the note was executed appellants resided in Louisiana, and Lewis Sublett resided in Kentucky. And the only evidence offered by appellee tending to fix the liability of Eva B. Gibson consists of letters written by her to Sublett.

From these letters it appears that a check for $1,700 was sent to her by him about the date of the note, fifty dollars forming the balance of the consideration, but paid after the commencement of· this action, having been loaned previously.

The letters show that the $1,700 was loaned at her urgent and persistent solicitation, for the purpose of enabling her to make an investment for her separate and exclusive advantage, and upon the faith of her promise to secure the payment to him by a mortgage upon a certain plantation in Louisiana, which she informed him the money loaned would enable her to buy, and also upon her real estate in Kentucky.

They show further, that after he sent the check her husband cashed it, and with the proceeds purchased and gave to her a note for $2,465, bearing eight per cent. interest, and secured by mortgage on the plantation she expected to buy. And in one of the letters she stated to him in substance that whether she succeeded in becoming the owner of the plantation or not, she had made a safe and profitable investment for her own separate advantage of the $1,700.

No mortgage, however, was ever executed to Sublett, but a short time after she received the check the note sued on was executed and sent to him by her.

The statements in the letters, if credited, establish beyond controversy that the consideration of the note sued on enured to her separate advantage, and she is consequently bound for one-half the amount.

But the husband, Tobias Gibson, whose deposition was read in evidence, testifies that he cashed the check sent to his wife by Sublett, and with the proceeds paid an individual debt contracted by him in 1872, three years before the loan was made to her, and that no part of the money was received by her or enured to her benefit.

It is obvious that if the testimony of the husband be true the wife fraudulently obtained the money from Sublett, and was guilty of falsehood in stating it had been used to purchase the mortgage note for her benefit.

In our opinion the statements made by the wife should be credited rather than the testimony of the husband.

In the first place, there is nothing in the record show-

ing that the money was loaned upon the credit of or for the purpose of being used by the husband. On the contrary, it was obtained by the wife, in the belief by Sublett it was for her exclusive accommodation and advantage, and upon the faith of her promise to repay it. If, therefore, her conduct was fraudulent, the husband not only connived at, but profited by it.

Second, the wife is not shown in any other way than by the testimony of her husband to have voluntarily acted in bad faith. But by his own deposition it is made apparent that he deliberately planned to cheat Sublett out of at least one-half the amount loaned to his wife. He testifies that he is a practicing lawyer in Louisiana, and acquainted with the laws of that State, and therefore must be presumed to have purposely so drawn the note sued on as to make himself liable for only one-half of it, though getting, according to his testimony, the benefit of the whole, while believing and expecting his wife would be released altogether. And in furtherance of the scheme he answered the petition, denying the right of appellee, under the laws of Louisiana, to recover of him more than one-half the note, and testified as a witness to facts which, if true, relieve his wife entirely. His conduct, therefore, has not been such as to entitle him to credit, when contradicted by the statements of his wife.

Taking the statements made by Eva B. Gibson as true, the question arises whether her real property in Kentucky, in which she has a general estate, can be subjected to the satisfaction of one-half the note, for which, according to the laws of Louisiana, she is bound.

By section 2, article 2, chapter 52, General Statutes, the real estate of a married woman is made liable for her debts and responsibilities contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her. But the debt sued on in this case was not contracted for necessaries, in the meaning of the General Statutes. Nor could her real estate be subjected to the debt in question in virtue of any express statute of this State.

The question then to be determined is, whether appellant, being bound by the contract, according to the laws of the State of Louisiana, where it was made, and consequently, her real estate there being subject to the payment of it, her property here should be likewise made subject.

Her property would not be subject if the note had been executed here, because, under the laws of this State, she is not capable of binding herself at all by a contract like the note sued on. But it is a recognized rule that "as to acts done, and rights acquired and contracts made in other countries touching property therein, the law of the country where the acts are done, the rights are acquired or the contracts are made, will generally govern in respect to the capacity, state and condition of persons." (Story's Conflict of Laws, section 102.) And "if by the law of the place of the domicile of the husband, a married woman has a capacity to sue or to make a contract, or to ratify an act, her acts so done will be held valid everywhere. (*Ibid*, section 66*a*.)

If then the contract is to be held valid and binding

here, because it is so in the State where it was made, it would seem to reasonably follow that her property here should be subject. For to hold that a valid and, binding contract is not enforceable at any time, nor in any manner, is absurd.

As said in Hart v. Grigsby, 14 Bush, 544: "The power to make a contract necessarily subjects the person possessing the power to the obligations legally incident to the contract made in the exercise of that power."

In our opinion whenever it is ascertained and determined, by judgment of court, that a contract made by a married woman in another State is valid and binding, as, according to the rule founded upon comity between the States, the contract in this case must be adjudged, the remedy provided for the satisfaction of judgments should be applied as though the judgment was against a *feme sole* or a married woman invested with the rights and subject to the responsibilities of a *feme sole*.

As there is no assignment of error for the failure of the lower court to render personal judgment against Eva B. Gibson, it is not necessary to decide in reference thereto.

Judgment affirmed.