## DE VALLE DA COSTA v. SOUTHERN PAC. CO.

(Circuit Court, D. Massachusetts. February 17, 1909.)

### No. 244.

1. COURTS (§ 347*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION.

    The provision of Rev. Laws Mass. c. 173, § 121, that the allowance by the court of an amended declaration shall be conclusive evidence of the identity of the cause of action stated therein with that relied on in the original declaration, is not made binding on a federal court in that state by the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]); the allowance of amendments in such courts being governed by Rev. St. § 954 (U. S. Comp. St. 1901, p. 696).

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*

    State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. LIMITATION OF ACTIONS (§ 127*)—COMMENCEMENT OF ACTION—AMENDMENT OF DECLARATION.

    Where an amended declaration is based on a statute of another state, not counted on in the original declaration, the suit upon such cause of action, for the purpose of the question of limitation, was not commenced until the filing of such amended declaration.

    [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

3. DEATH (§ 8*) — ACTIONS FOR WRONGFUL DEATH—WHAT LAW GOVERNS—SPECIAL LIMITATION—KENTUCKY STATUTE.

    The right of action for wrongful death given by Const. Ky. 1891, § 241, and by Ky. St. 1903, § 6, was originally given by Act March 10, 1854, and therein expressly conditioned on the bringing of an action within one year from the time of death. The later constitutional and statutory provisions, above cited, do not contain any specific limitation; but the same have been included in Ky. St. 1903, § 2516, as a part of the general statute of limitations. *Held*, following the interpretation placed on such provisions by the Kentucky Court of Appeals, that the limitation is still an integral part of the right thereby given, and governs an action based thereon, although brought in a foreign jurisdiction.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 52; Dec. Dig. § 8.*

    What law governs actions, see note to Burrell v. Fleming, 47 C. C. A. 606.]

At Law. On motion to set aside verdict.

See, also, 160 Fed. 216.

W. P. Murray, John S. Patton, and Charles F. Smith, for plaintiff.

Foster & Turner, for defendant.

LOWELL, Circuit Judge. The writ in this case, which was removed from the state court, was dated November 21, 1906. The

---

original declaration alleged a liability for the death of the plaintiff's intestate about December 29, 1905, and apparently for his conscious suffering. To this declaration the defendant pleaded in abatement for reasons which need not be stated here. One of the counts was based upon certain statutes of Massachusetts, and at the argument the defendant's liability was assumed by the plaintiff to rest altogether upon these statutes, so far as it did not rest upon the common law. The plea was sustained, and, with the defendant's consent, the plaintiff filed an amended declaration on December 23, 1907, the substance of which was set out in the report of this case in 160 Fed. 216. After the proceedings therein described the case was tried to a jury, to which the following issues were submitted:

(1) Was the accident to Rodriguez caused by the negligence of the defendant? Answer: Yes.

(2) Did the accident happen within the state of Texas? Answer: No.

(3) What are the damages, and how shall they be divided among Rodriguez' wife and children? Answer: $5,000.

Thereafter, by direction of the court, the jury returned a general verdict in favor of the plaintiff for $5,000. Subsequently the defendant amended its answer by setting up the statute of limitations contained in section 2516 of the Kentucky Statutes of 1903. The defendant also moved seasonably to set aside the general verdict for the plaintiff on the ground that this could be based only on the third count, and that an action on that count was barred by the last-mentioned statute.

The defendant is right in its contention that only the third count is left for the court's consideration. The first count was disposed of by the special finding of the jury. The second count set out no cause of action enforceable in this court. The Kentucky Constitution and statutes referred to, which were in force and which bore upon the case, are as follows:

Const. Ky. 1891, § 241:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

Ky. St. 1903, § 6:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased. The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz.: (1) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to such widow or husband. (2) If the de-

ceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased. (3) If the deceased leaves a child or children, but no widow or husband, then the whole to such child or children. If the deceased leaves no widow, husband or child, then such recovery shall pass to the mother and father of deceased, one moiety each, if both be living; if the mother be dead and the father be living, the whole thereof shall pass to the father; and if the father be dead and the mother living, the whole thereof shall go to the mother; and if both father and mother be dead, then the whole of the recovery shall become a part of the personal estate of the deceased; and after the payments of his debts, the remainder, if any, shall pass to his kindred more remote than those above named, as is directed by the general law on descent and distribution."

Ky. St. 1903, § 2516:

"An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice, or servant, or for injuries to person, cattle, or stock, by railroads, or by any company· or corporation; an action for a malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage; an action for libel or slander; an action for the escape of a prisoner arrested or imprisoned on civil process, shall be commenced within one year next after the cause of action accrued, and not thereafter."

Section 6 can be traced back to the Kentucky statute of March 10, 1854 (Acts 1854, p. 175, c. 964) sections 3 and 4 of which read as follows:

"Sec. 3. That if the life of any person is lost or destroyed by the willful. neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid.

"Sec. 4. The actions under this act shall be commenced within one year from the time of his death."

This is the first statute passed in Kentucky giving an action for death. The words "willful neglect," in the statute of 1854, whatever they may mean, have become "negligence or wrongful act" in the present law. The defendant's argument in support of its motion to set aside the verdict rests upon the following three propositions:

1. The amended declaration set up a new cause of action different from that set up in the original declaration. To support this proposition the defendant relies upon Union Pacific R. R. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, which is conclusive generally. As the case at bar was originally brought in the state court, the plaintiff was required to set out the Kentucky statute in his declaration, if he relied upon it. His failure to do so emphasizes the fact, otherwise obvious, that his original reliance was not upon the Kentucky statute, but upon a different cause of action. The plaintiff contends, however, that the identity of the two causes of action has become res judicata by this court's allowance of his amended declaration. He relies upon Rev. Laws Mass. c. 173, § 121, the material parts of which read as follows:

"The cause of action shall be considered to be the same for which the action was brought, if the court finds that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be

misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action."

This provision of law, the plaintiff contends, is enforceable in this court by virtue of Rev. St. U. S. § 914 (U. S. Comp. St. 1901, P. 684). But a federal court is bound by Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), as well as by section 914. To some extent Congress itself has regulated the allowance of amendments in the federal courts, and its regulations control as far as they extend. Moreover, the language of section 914 does not require a universal following of the state practice, pleadings, forms, and modes of proceeding, although this court is bound to conform to them "as near as may be." The federal courts have been unable to frame a criterion which shall distinguish unmistakably those instances in which they are bound to conform to the state practice from those in which they must differ therefrom because required to conform to it only "as near as may be." A federal court is supposed to know all the statutes of all the states, though its attention has not been called to them. But the particular federal judge here concerned was in fact ignorant of all the state statutes above cited at the time when he allowed the amended declaration. An understanding knowledge of the statutes of Kentucky required an historical investigation of considerable extent. For the judge's ignorance of the Massachusetts statute there was less excuse. By his allowance of the amendment to the declaration the judge had no more intention of deciding conclusively that the cause of action set out in the amendment was identical with that originally declared on than had the judge who allowed the amendment in the Wyler Case. The learned counsel before him appear to have been as ignorant and unsuspicious as was he. Sometimes a judge finds that he has made an irrevocable decision without knowing it. But under the circumstances here existing it appears to me that I am not bound by the Massachusetts statute, and that I may now hold, as is plainly the fact, that the amendment here allowed set out a new cause of action.

The application of section 914 to a case like that at bar has not been dealt with in any reported case which I have been able to find; but some analogy is found in Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, Mex. Con. R. R. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699, Lange v. Union Pac. R. R., 126 Fed. 338, 62 C. C. A. 48, and Van Doren v. Penn. R. R., 93 Fed. 260, 35 C. C. A. 282. Moreover, in Massachusetts, the allowance of an amendment by the trial court appears to be reviewable in matter of law, and to be conclusive only in matter of fact. Herlihy v. Little, 200 Mass. 284, 86 N. E. 294. See Mann v. Brewer, 7 Allen (Mass.) 202. That the amendment here under consideration was made with the defendant's consent was decided to be immaterial in the Wyler Case, supra. See, also, U. S. v. Dalcour, 203 U. S. 408, 423, 27 Sup. Ct. 58, 51 L. Ed. 248. That the defendant went to trial and did not plead the statute of limitations until after verdict is also immaterial, inasmuch as the court allowed the amendment to the answer at that time for reasons which it deemed sufficient and which need not be re-

hearsed here. From these considerations it follows that the amendment set up a new cause of action.

2. The defendant further contends that suit upon this newly alleged cause of action, arising under the Kentucky Statutes, was not brought until the amendment to the declaration was filed in this case, more than a year after the cause of action arose. This contention, also, is established by the Wyler Case, supra. As the amended declaration was filed more than a year after the date of the writ, the precise date of Rodriguez' death is immaterial, and the application of the statute is manifest from the pleadings.

3. The defendant contends lastly that the cause of action set up in the amended declaration was barred by the Kentucky statute of limitations above cited. Speaking generally, the statute of limitations applicable in any case appertains to the remedy, and so to the lex fori. But, where the cause of action is created by a statute which in terms limits the time within which suit is to be brought thereupon, a court of foreign jurisdiction, required to enforce the statutory right, enforces it with the statutory limitations. The plaintiff must take the whole statute or nothing. Boston & Maine R. R. v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193. Is the right here sued on by the plaintiff in this jurisdiction subject to the statute of limitations of Kentucky or to that of Massachusetts? The former, if applicable, would bar the plaintiff. The plaintiff contends that the latter had not run when the amended declaration was filed. As in the case at bar, a court sometimes finds it hard to ascertain into which of the two classes above mentioned a given statute of limitations falls, viz.: (1) A general statute of limitations; and (2) a limitation specifically applicable to a statutory right. The former is to be sought in the lex fori; the latter in the statute creating the right sued on, to whatever jurisdiction that statute may belong. Had the suit before this court been brought immediately after the passage of the Kentucky statute of 1854, the question would have been answered in favor of the statute of Kentucky. The limitation imposed upon an action brought to enforce the right which was given by that statute was an integral part of the statute itself. If the attempt had then been made to enforce that liability in a state court of Massachusetts, or in a federal court sitting in Massachusetts, the plaintiff must have taken the limitation of the statute along with its benefit. But the statutes of Kentucky have been changed since 1854. The statute which gives the right of action here sued upon is now separated by nearly half a thick volume from the statute which limits the remedy for the enforcement of that right. This suit might have been maintained without any statute at all, under the section of the Constitution above quoted, which is enforceable in the absence of statute. East Tenn. Tel. Co. v. Simms, 99 Ky. 404, 36 S. W. 171. In Kentucky an action in contravention of the common law was given by the original statute of 1854. Both before and after 1854 enlargements of the common law, generally but not precisely similar, were made in those countries where the common law prevails, until the common law became generally modified in this respect. At the present time there is hardly a

jurisdiction in which some right of action for death has not existed for a generation. As this came to be true, and as some right of action for death became matter of course, though the rights differed slightly in different jurisdictions and were still in contravention of the common law, the limitations governing the remedies for the enforcement of these rights tended more and more to become part of the statutes of limitation applicable to other suits for personal injuries. In Massachusetts, it is true, the statutes giving right of action for death still have their specific limitations. In Kentucky it is otherwise. Moreover, in Kentucky, the plaintiff's right of action for death is now neither at common law nor exclusively by statute, since it has been made part of the Constitution, the fundamental law of the state. Under these circumstances, can it be said that section 2516 is an integral part of the right given by the Constitution and by section 6; and not rather an ordinary statute of limitations, a part of the remedy appertaining to the lex fori?

It is for the courts of Kentucky, however, to construe the Constitution and statutes of that state. If those courts have held that the Constitution and the statute giving the right of action and the statute imposing the limitation thereupon still remain component parts of one and the same statute, other courts will be disposed to follow this construction. In Louisville & N. R. Co. v. Simrall's Administrator, 104 S. W. 1011, 31 Ky. Law Rep. 1269, this appears to be the conclusion reached by the Court of Appeals of Kentucky. There the court observed:

"The act of 1854 (Acts 1853–54, p. 175, c. 964), upon a revision of the statutes, was transferred to chapter 57 of the General Statutes, together with other provisions, under the title 'Injuries to Persons or Property.' Section 4, which prescribed the time within which actions allowed under the act should be brought, was, however, in form omitted from the General Statutes, but in substance retained in section 3, art. 3, c. 71, thereof. * * * In the next revision of the statutes we find section 3, art. 3, c. 71, Gen. St., transferred to section 2516 of the Kentucky Statutes of 1903. * * * In other words, 'if section 4 of the act of 1854 is in meaning and effect included in section 3, art. 3, c. 71, Gen. St., then it must follow that it is also included in section 2516 of the Kentucky Statutes of 1903; and therefore it conclusively appears that from 1854 until the present day the legislative intent has been that the cause of action for the death accrues as of the date of the death.'"

See Carden v. L. & N. R. R., 101 Ky. 113, 39 S. W. 1027.

It is true that the question in Louisville & N. R. Co. v. Simrall's Adm'r concerned the date from which the year limited by the statute should begin to run, and not the precise question presented in this case. Indeed, the question presented in this case could not arise in a court of Kentucky, where the law of the jurisdiction which adopted the Constitution and statute and the lex fori would necessarily coincide. But the case cited appears generally to hold that the remedy which originated in section 4 of the act of 1854 and which was then an integral part of the right given by section 2, has remained an integral part of that right through the subsequent changes, both statutory and constitutional. Therefore I follow the interpretation put upon the Kentucky Constitution and statute by the highest courts of Kentucky and hold the Kentucky statute of limitations to be applicable here.

It follows that the plaintiff's action was barred, the defendant's motion must be granted, and the verdict for the plaintiff must be set aside.