## Louisville & Nashville Railroad Co. v. Burkhart.

(Decided May 28, 1913.)

### Appeal from Henderson Circuit Court.

1. Damages—Action for Personal Injuries—Negligence—Pleading—Limitation.—In an action brought by a resident of this State against another resident thereof to recover damages for a personal injury sustained in another State through the negligence of the defendant, the plaintiff may rest the action upon a statute of such other State authorizing a recovery for such injury, by properly pleading same, but the action must be instituted within the time required by the Statute of Limitations of this State.

2. Limitation—Statutes of Have No Extra-territorial Force.—Statutes of Limitation are of State regulation and are founded on

State policy. Such statutes have no ex-territorial force or operation for which reason foreign jurisdictions are not bound by them; hence the doctrine in respect to the limitation of actions is that the law of the forum governs; and this is true whether the action is ex contractu or ex delicto.

3. Action—When Law of Place Governs as to Right of—Statute of State Without Ex-territorial Force.—While the statute of another State, is without extra-territorial force, a right acquired under it will always, in comity, be enforced, if not against the public policy of the State where the action is brought. In such cases the law of the place where the right was acquired or the liability was incurred, will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the State where the action is brought; that is the lex fori, and not the lex loci, will prevail with respect to the time when the action should be commenced.

4. Limitation—Period of in Kentucky and Indiana—Action for Personal Injuries.—Although a general law of the State of Indiana fixes two years as the period of limitation for the bringing of an action to recover damages for a personal injury sustained in that State, as in Kentucky the period of limitation as to such an action is one year, in order to enable the plaintiff to recover in the latter State for a personal injury sustained in Indiana, he must bring the action within the year next after the injury was received.

YEAMAN & YEAMAN, C. H. MOORMAN and BENJAMIN D. WARFIELD for appellant.

F. J. PENTECOST and J. W. JOHNSON for appellee.

Opinion of the Court by Judge Settle—Reversing.

The appellee, Fred A. Burkhart, a bridge carpenter, while in the employ of the appellant, Louisville & Nashvile Railroad Company, and at work upon one of its railroad bridges in Vanderburgh County, Indiana, fell therefrom a distance of fourteen feet to the ground below, whereby his collar bone was broken and back sprained, resulting in serious and permanent injury to his person.

The accident occurred September 1, 1910, and on August 23, 1912, this action to recover damages therefor was brought by him against appellant in the Henderson Circuit Court; it being alleged in the petition that both appellant and appellee are residents of Kentucky; appellee being a citizen of the city of Henderson and appellant having been incorporated under the laws of Kentucky, having its chief office in the city of Louisville and owning a railroad running from the city of Louisville through the county and city of Henderson to Evansville,

Indiana. It is alleged in the petition that appellee's injuries were caused by the negligence of appellant and its bridge foreman in furnishing him a defective jack screw not reasonably safe for use, the rod of which slipped from its place while he was using it to raise a bridge timber, causing him to lose his equilibrium and fall to the ground.

The action was based upon a statute of Indiana which makes the employer liable in damages to the employe for an injury sustained by the latter by reason of the employer's negligence in furnishing him a defective tool or machinery for use in work required of him. Yet another statute of that State, also pleaded by appellee, provides that an action to recover damages for personal injuries may be brought at any time within two years next after the cause of action accrues.

The answer traversed the affirmative matter of the petition, except its averments as to appellant and appellee being residents of Kentucky, alleged contributory negligence on the part of appellee and pleaded the statute of limitations of Kentucky which bars an action for the recovery of damages for a personal injury unless brought within a year after the injury is received. The issues were completed by the filing of a reply which controverted the pleas of contributory negligence and limitation. The trial resulted in a verdict awarding appellee $200 damages, and from the judgment entered thereon this appeal is prosecuted.

The record does not contain the evidence nor instructions and the single question presented for decision by the appeal is, do the pleadings support the judgment? In other words, does the limitation of two years prescribed by the statute of Indiana, or that of one year prescribed by the statute of Kentucky apply? If the latter statute should control, it is manifest that the trial court erred in refusing the peremptory instruction directing a verdict for appellant, which was asked by its counsel at the conclusion of appellee's evidence and again after all the evidence was introduced.

It appears from the petition that the action was instituted only seventeen days short of two years after appellee's injuries were received, and it is therein alleged that "the law of the State of Indiana also provides that a suit for damages resulting from said injury may be instituted at any time within two years from the date of said injury."

The answer of appellant denies the applicability of the Indiana Statute of two years, and, in the third paragraph, pleads the Kentucky Statute of one year, therefore, the question of limitation was one upon which the evidence threw no light, but a question of law to be determined from the admitted facts presented by the pleadings.

Waiving the question whether the Indiana Statute of Limitations was sufficiently pleaded by appellee, it can have no' effect in this state. It is a well recognized rule that statutes of limitation are of state regulation and founded on state policy. Such statutes, therefore, have no ex-territorial force or operation, for which reason foreign jurisdictions are not bound by them; hence the doctrine in respect to limitations of actions is, that the law of the forum governs; and this is true whether the action is *ex contractu* or *ex delicto*. Minor's Conflict of Laws, section 210; 25 Cyc., 1018.

The doctrine is thus stated in Lewis' Sutherland's Statutory Construction, section 668:

"And ordinarily courts disregard the limitation fixed in the contract or tort and enforce only the *lex fori*."

Necessarily statutes of limitation affect the remedy and not the right; and, as argued by counsel for appellant, they are as much a part of the remedy as are our forms of pleading, our rules of evidence and our manner of conducting trials, hence the Indiana Statute of Limitations can have no more operation in this state upon the one than upon the other.

The rule to which we refer has always been the law in Kentucky and, among the earlier cases approving it, is that of Graves v. Graves, 2 Bibb., 209, in the opinion of which it is said:

"The statute of limitations does not affect the validity of the contract, but the time of enforcing it; or, in other words, it does not destroy the right but withholds the remedy. It would seem to follow, therefore, that the *lex fori*, and not the *lex loci* was to prevail with respect to the time when the action should be commenced."

The later cases show no departure from this rule, among these are the following: Bennett v. Delaim, 17 B. Mon., 358; Farmers, &c.,.Bank v. Lovel, 8 R., 261; Templeton v. Sharp, 10 R., 499; Shilleto v. Richardson, 102 Ky., 52; Lobatt v. Smith & Whitney, 82 Ky., 599; in each of which it was held that the statutory bar of the state where the remedy is sought to be enforced by action, and

not that of the state where the contract was made, governs. In a more recent case, L. & N. R. R. Co. v. Whitlow's Admr., 114 Ky., 470, quoting with approval from Herrick v. Railway, 31 Minn., 16, we said:

"The statute of another state has, of course, no extraterritorial force, but a right acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former. In such cases the law of the place where the right was acquired or the liability was incurred will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the state where the action is brought; and we think the principle is the same whether the right of action be *ex contractu or ex delicto.*"

In the still more recent case of Adams Express Co. v. Walker, 119 Ky., 126, we find this expression of the same conclusion:

"It is insisted for appellant that the contract here having been made in Wooster, Ohio, it must be governed by the laws of Ohio, and that by the laws of Ohio such a limitation is valid. Limitation is governed by the law of the forum in which the suit is brought, and the courts of this state will not as a matter of comity, enforce a contract made in Ohio as to the time when the suit shall be brought, for this matter is regulated by our statutes.

Section 2516, Kentucky Statutes, fixes the limitation in such a case as the one at bar and is quite emphatic in its declaration that:

"An action for an injury to the person of the plaintiff * * * shall be commenced within one year next after the cause of action accrued, and *not thereafter.*"

It is true as argued by appellee's counsel, there are some exceptions to the limitation it declares, but they have no application to this case, the exceptions are found, however, in section 2541 (misnumbered 2451) and section 2542.

Section 2541 provides:

"When, by the laws of any other state or country, an action upon a judgment or decree rendered in such state or country cannot be maintained there by reason of the lapse of time, and such judgment or decree is incapable of being otherwise enforced there, an action upon the same cannot be maintained in this state, except in favor of a resident thereof, who has had the cause of action from the time it accrued."

Obviously, this section has no application to the case in hand, for it is not an action upon a judgment or decree. Section 2542 provides:

"When a cause of action has arisen in another state or country between the residents of such state or country or between them and a resident of another state or country, and by the laws of the state or country where the cause of action accrued, an action cannot be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this state."

It is equally obvious that this section can afford appellee no relief for it only applies to a case where the action is barred by the law of the state where it arose; as held in Lobatt v. Smith & Whitney, 83 Ky., 599, it has no reference to residents of this state but to those who are non-residents of the state and come into it in order to enforce their rights; the object of the statute being to prevent one of them from having an advantage over the other.

Nor do we think the case of Shillito v. Richardson, 102 Ky., 51, relied on by appellee, has any application. The parties were both non-residents of Kentucky, the plaintiff residing in Ohio and the defendant in New York, to which state he had removed from Ohio. The action was brought in Kentucky, but the cause of action arose in Ohio. The defendant answered pleading the statute of limitations of Kentucky, but by reply the plaintiff pleaded the Ohio Statute of Limitations which had not barred the cause of action when the defendant removed from Ohio to New York, and, under the laws of Ohio, did not run while he remained in New York. So, as the case was one between citizens of other states, upon a cause of action which arose in Ohio and had not been barred by the statute of limitations of that state, and the statute would have interposed no bar if the action had been brought in Ohio, it was properly held that the action could be maintained in Kentucky. In other words, the case was one to which section 2542, Kentucky Statutes, was clearly applicable.

The case at bar, however, is wholly different, for both appellant and appellee were, when the cause of action arose and have since remained, residents of this state, hence, although the cause of action arose in Indiana, section 2542, does not apply, but the case must be controlled by section 2516, Kentucky Statutes, which requires such

an action to be brought within a year next after the cause of action arose. ,

If the statute of Indiana, which gives the right of action attempted to be asserted by appellee, had prescribed. the time within which the action to enforce the right must be brought, quite a different question from the one we have would have been presented, for, in that case, the limitation as to time would have to be treated as a part of the right and be governed by the same law that creates the right.

But the Indiana Statute in question does not prescribe the period of limitation, it is instead found in another and general statute of that state, therefore, it has no force outside of that state, and such limitation cannot be applied in Kentucky.

As said by Mr. Minor in his Conflict of Laws, section 10:

"But if the period of limitation is not prescribed by the same statute which confers the right, but is found in a general statute, the general principle applies, and it becomes a law relating to the remedy, which will have no ex-territorial force. In such case the law of the situs of the remedy (*lex fori*) again becomes the proper law." Cooley Con. Lim., 3 Ed., 361; "The Harrisburg," 119 U. S., 126; McArthur v. Goddin, 12 Bush, 274.

This question was considered and elaborately discussed in O'Shields v. Georgia Pac. R. Co., 6 L. R. A. (Old Ed.), 152, 85 Ga., 621, and by the Georgia Supreme Court held, that where a right of action is given by a statute of another state and no period of limitation is prescribed otherwise than by the general law of limitation prevailing in that state, the *lex fori* not the *lex loci* applies on the subject of limitation.

Here the appellee's petition shows a common law right of recovery; the fact that he needlessly set forth a statute of Indiana, which does not prescribe the period of limitation, will not enable him to evade the Kentucky law as to the limitation, which necessarily controls; therefore, the peremptory instruction asked by the appellant should have been given.

For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.