Sam **SIROONIAN**, Administrator of the Estate of **Sheryl Lynn Siroonian**, Deceased, Plaintiff–Appellant,

v.

**TEXTRON, INC.**, Defendant–Appellee.

No. 87–4543.

United States Court of Appeals, Fifth Circuit.

May 11, 1988.

---

Wayne E. Ferrell, Jr., Mignon A. Mestayer, Jackson, Miss., for plaintiff-appellant.

Thomas C. Gerity, Robert A. Miller, Jackson, Miss., for defendant-appellee.

Before WISDOM, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Plaintiff Sam Siroonian, administrator of his daughter's estate, appeals the district court's dismissal of his wrongful death action against the manufacturer of the aircraft in which his daughter died. On appeal, Siroonian argues that the district court erred (1) in finding Kentucky substantive law applicable in this diversity action; (2) in ruling that he lacked the capacity to bring suit because he had not been appointed personal representative pursuant to Kentucky law; and (3) in applying Kentucky's one-year statute of limitations to the wrongful death action. Because we find his claims were time-barred, we affirm.

I. Facts and Proceeding Below

On May 4, 1980, Sheryl L. Siroonian was killed near Hopkinsville, Kentucky, in the crash of an Army UH–1H helicopter she was piloting. At the time, she was on a return flight from Madisonville, Kentucky, to the Army base at Fort Campbell, Kentucky, where she was stationed. Fort Campbell is located astride the Tennessee/Kentucky state line. The airfield is located on the Kentucky portion of the base. Sheryl Siroonian maintained a home in nearby Clarksville, Tennessee.

Sheryl Siroonian's survivors were her mother, father, and brother, all California residents. Within three months of her death, Sheryl's mother was appointed administrator of her estate in Tennessee. This estate was closed in February 1981, and the administrator was discharged. The following year, in March 1982, Sam Siroonian ("Siroonian"), Sheryl's father, was appointed administrator for Sheryl's estate by a California court. The court specifically found that Sheryl was a resident of California at the time of her death.

Four years later, on February 26, 1986, Siroonian filed this suit, as administrator of Sheryl's estate, in Mississippi state court. The action alleged acts of negligence, strict liability, and breach of warranty against Textron, Inc. ("Textron") and M.H. Spinks Industries, Inc. Textron, appellee herein, is the parent company of Bell Helicopter Textron, Inc. ("Bell"), which manufactured the helicopter involved in the accident. Spinks Industries was the manufacturer of the allegedly defective seats installed by Bell in the aircraft.[1]

---

1. Spinks Industries, a Texas corporation, was in a Chapter 7 bankruptcy proceeding when suit

Textron and Bell are Delaware corporations. Textron's principal place of business is in Providence, Rhode Island; Bell's principal place of business is in Fort Worth, Texas. Textron removed the cause under diversity jurisdiction to the United States District Court for the Southern District of Mississippi.

In response to Textron's motion, the district judge ruled that the tort claims were time-barred under Kentucky's one-year limitations period, that Siroonian lacked the capacity to sue under the Kentucky wrongful death statute, and that the warranty claims were time-barred by either Texas's or Mississippi's applicable limitations statute. The court entered final judgment, pursuant to Fed.R.Civ.P. 54(b), dismissing the complaint as to Textron. Siroonian now appeals.[2]

## II. Discussion

### A. *The applicable state's substantive law*

As a federal court in Mississippi deciding a diversity action, the district court necessarily applied Mississippi conflict of laws rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed.2d 1477 (1941); *Tennimon v. Bell Helicopter Textron, Inc.*, 823 F.2d 68, 70 (5th Cir.1987).

The parties agree that Mississippi would utilize the "center of gravity," or "most substantial contacts," test enunciated by the Mississippi Supreme Court in *Mitchell v. Craft*, 211 So.2d 509 (Miss.1968), in determining which state's substantive law applies in this case. In *Mitchell*, the court adopted this test as it is articulated in Restatement (Second) of Conflict of Laws. *Id.* at 515–16; *see also Price v. Litton Systems, Inc.*, 784 F.2d 600, 602 (5th Cir. 1986).

was filed against it. On February 10, 1987, the bankruptcy court lifted the automatic stay to the extent of insurance coverage to allow Siroonian to proceed in his suit.

**2.** Siroonian does not raise the breach of warranty claims in his brief on appeal. Thus, we

Under the center of gravity test, section 175 of the Restatement is the primary rule for wrongful death actions:

In an action for wrongful death, the *local law of the state where the injury occurred* determines the rights and liabilities of the parties *unless*, with respect to the particular issue, some other state has a *more significant relationship* to the occurrence and the parties, in which event the local law of the other state will be applied.

*Price*, 784 F.2d at 602–03 (quoting *Mitchell*, 211 So.2d at 515) (emphasis added).

Siroonian's negligence and strict liability claims, as tort actions, are also governed by § 145 of the Restatement, which provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

*Price*, 784 F.2d at 603 (quoting *Mitchell*, 211 So.2d at 515).

While the parties agree on the appropriate law, they disagree on the result. Siroonian argues that Mississippi substantive law should be applied, while Bell contends that Kentucky substantive law controls.

consider these claims abandoned. *See* Fed.R. App.P. 28(a)(4); *In re Tex. Mortg. Services Corp.*, 761 F.2d 1068, 1073–74 (5th Cir.1985); *Smith v. State Farm Fire and Cas. Co.*, 695 F.2d 202, 206 (5th Cir.1983).

■ We agree with the district court that Kentucky substantive law applies to Siroonian's negligence and strict liability claims. According to the basic rule in wrongful death actions (§ 175 of the Restatement), the law of Kentucky, as the place where the injury occurred, controls *unless* some other state has a *more* significant relationship to the accident and the parties.

Kentucky was more than just the place of the injury. The Fort Campbell airfield on the Kentucky portion of the base was not only the location from which the fatal flight originated and was to have returned, it was also the military station to which both the helicopter and Sheryl Siroonian were assigned. *See Price*, 784 F.2d at 605. The accident occurred because Sheryl Siroonian, flying low due to reduced visibility, struck a power line rooted in Kentucky soil.

While other states have some contact with the occurrence and the parties to this action, none have a more significant relationship than Kentucky. Texas is the state in which the principal place of business of Bell is located, as well as the state where the helicopter involved in the accident was manufactured and delivered to the Army. Tennessee was the decedent's temporary residence and the location of one of the interim stops on the fatal flight. Mississippi, Siroonian's choice for applicable law, bears no relationship to either the accident or the parties to this case, other than an attenuated tie to Bell. In an effort to support his contention that Mississippi law applies, Siroonian points out that there are numerous Bell helicopters used in Mississippi, and that Textron, the parent company, has two plants in Mississippi. Neither of these plants, however, manufacture helicopters or helicopter parts. While Siroonian's argument might be relevant to a jurisdictional question, it bears little weight in the choice of law determination before us.

Kentucky was clearly both the situs of the accident and the center of the relationship of the decedent and the Bell helicopter. *See id.* at 604; § 145 of the Restatement, *supra*. Contrary to Siroonian's contention, it was not merely fortuitous that Sheryl Siroonian and the allegedly defective helicopter happened to be involved in a crash in Kentucky. While some contacts exist with other states, no other state besides Kentucky has "a *more* significant relationship to the occurrence *and* the parties."

### B. *Characterization of the Kentucky statute of limitations*

■ Siroonian argues that even if Kentucky substantive law applies, the Mississippi statute of limitations controls this action. While Kentucky's one-year statute of limitations applicable to wrongful death actions would bar the instant tort claims, Mississippi's more generous six-year limitations period would not.

It is well-settled that although Mississippi applies the substantive law of the state satisfying the center of gravity test enunciated above, it applies its own law in procedural matters, which generally includes statutes of limitation. *Price*, 784 F.2d at 605; *Vick v. Cochran*, 316 So.2d 242, 246 (Miss.1975). Mississippi does recognize an exception to the general rule that a statute of limitations is procedural where the limitations period is an integral part of the statute which created the cause of action, and expiration of the limitations period extinguishes the right of action. *Ramsay v. Boeing Co.*, 432 F.2d 592, 596–97 (5th Cir. 1970); *Bethlehem Steel Co. v. Payne*, 183 So.2d 912, 916 (Miss.1966). This exception is to be broadly applied. *Ramsay* 432 F.2d at 597–98. Further, Mississippi honors the construction of a statute placed on it by the courts of the state whose legislature enacted it. *Price*, 784 F.2d at 605; *Davis v. Meridian & Bigbee R.R.*, 248 Miss. 707, 161 So.2d 171, 172 (Miss.1964). Thus, we look to the Kentucky courts for direction in determining whether the limitations period imposed on a wrongful death action under Kentucky law is substantive or procedural.

Regrettably, no Kentucky case definitively labels the limitations period in question as substantive or procedural. Indeed, the question of whether to apply the Kentucky statute of limitations where a Ken-

tucky cause of action is sued on would never arise in a Kentucky court, because the state of the substantive law and the forum state would always necessarily coincide. *See DeValle Da Costa v. Southern Pacific Co.*, 167 F. 654 (D.Mass.1909), *rev'd on other grounds*, 176 F. 843 (1st Cir. 1910). We think, however, that a careful reading of the Kentucky precedents in this area reveals that Kentucky courts consider the statute of limitations applicable to Kentucky's wrongful death statute to be substantive law.

Kentucky's wrongful death statute is found in Ky.Rev.Stat.Ann. § 411.130 (Michie/Bobbs–Merrill 1985), and reads in part:

> (1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was wilful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

The limitations period imposed upon this action is contained in a separate provision, Ky.Rev.Stat.Ann. § 413.140 (Michie/Bobbs–Merrill 1985), which provides in part:

> (1) The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice or servant.

In an early case examining Kentucky's wrongful death cause of action, the Kentucky Court of Appeals [3] traced the applicable statutes from their origin, and concluded that the limitations clause is an integral part of the wrongful death statute. *Carden v. Louisville & Nashville R.R. Co.*, 101 Ky. 113, 39 S.W. 1027, 1028 (1897). While the court in *Carden* was concerned with the point from which the limitations period begins to run and not the precise issue before us, its construction of the statutes provides meaningful direction. The court

noted that the wrongful death action, which did not exist at common law, was included as part of the Kentucky Constitution, Section 241, and enacted by an act of the legislature in 1854, 1854 Laws of Kentucky chapter 964. Section four of the enabling act provided that actions had to be commenced within one year from the time of death. Subsequently, the act was transferred intact to the general statutes, except for section four, which was transferred to the general chapter on limitations, where the language was changed "for the sake of brevity and conciseness" to essentially the way it reads today. The *Carden* court explained:

> It seems evident that it was the intention of the legislature to limit the time when actions could be instituted under [the wrongful death] statute to one year from the day when the cause of action accrued, which undoubtedly was the date of the death. To hold that this suit may be commenced at any time within one year after the appointment of an administrator, who may be appointed any time within 20 years, is to hold that a radical change in the policy of the statute was worked simply by a change of phraseology, dictated merely by convenience, in a general revision of the statutes; as the obvious purpose was to provide for a reasonable limitation of actions which did not accrue to a man in his lifetime, but which might accrue for the benefit of his estate after his death.

*Id.* at 1028.

The *Carden* case has been cited with approval several times by the Kentucky Court of Appeals. In *Faulkner's Adm'r v. Louisville & Nashville R.R. Co.*, 184 Ky. 533, 212 S.W. 130 (1919), the court noted that the then-current statute of limitations was "in intent and purpose but a re-enactment of the act of 1854, which gave the right of action for the loss of life and expressly provided that the limitation period should be one year from the date of death." *Id.* at 130; *see also, Louisville & Nashville R.R. Co. v. Simrall's Adm'r*, 127 Ky. 55, 104 S.W. 1011 (1907); *Louisville &*

---

**3.** Before 1976, the court of appeals was the highest state court in Kentucky.

*Nashville R.R. Co. v. Brantley's Adm'r,* 106 Ky. 849, 51 S.W. 585 (1899). Collectively, these cases support a finding that the Kentucky courts construe the one-year limitation to be an integral part of the statute creating the wrongful death cause of action. *See DeValle Da Costa,* 167 F. 654.

We disagree with Siroonian's argument that Kentucky courts view their state's wrongful death limitations period as procedural. Siroonian relies upon *Louisville & Nashville R.R. Co. v. Burkhart,* 154 Ky. 92, 157 S.W. 18 (1913), which followed the general rule that where a limitations period applicable to a state's wrongful death cause of action is found in a different and general statute of that state, it relates only to the remedy and has no force outside that state. The *Burkhart* court, however, was construing *Indiana's* wrongful death statute and applicable limitations period. In reaching its holding, the *Burkhart* court explained that where the statute prescribing the limitation period for a wrongful death action is construed as part of the statute creating the cause of action, it is then considered a part of the right and applied when a foreign forum applies the state's wrongful death cause of action. The *Burkhart* court was not confronted with, and did not address, an interpretation of the Kentucky wrongful death statute and its applicable limitations provision.

Nor do we gain any help from *Deupree v. Levinson,* 186 F.2d 297 (6th Cir.1950), *cert. denied,* 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351 (1951). While that court did state that the Kentucky limitations statute applicable to wrongful death actions was procedural only, *id.* at 302, this statement was merely dicta because federal admiralty law determined the disposition of the case, rendering a procedural/substantive distinction unnecessary, *id.* at 304. The *Deupree*

court appears to have looked only to the face of the statutes without examining legislative history or Kentucky case law.

Our reading of the Kentucky courts persuades us that they construe the limitations period applicable to the Kentucky wrongful death statute to be substantive law. If no suit is filed within one year, any right of action for wrongful death dies. *Simrall's Adm'r,* 104 S.W. at 1014; *Faulkner's Adm'r,* 212 S.W. at 130.[4] Since Mississippi honors the construction of the Kentucky statutes given to them by the courts of Kentucky, Mississippi would apply the Kentucky one-year limitations period to Siroonian's claims under Kentucky's wrongful death statute.

We need not reach the issue of Siroonian's capacity to sue.

AFFIRMED.

---

4. Textron cites this court to our opinion in *Tennimon,* 823 F.2d 68, in support of its case. *Tennimon,* however, misstates Kentucky law when it says "if a personal representative is appointed within one year of the date of death, he is then granted one year to file suit." *Id.* at 74 (quoting *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 641–42 (6th Cir.1986)). The extension of filing time given to a validly appointed personal represent-

ative by Kentucky statute, now Ky.Rev.Stat.Ann. § 413.180, applies only to actions which existed in favor of the decedent, such as an action for pain and suffering, and not to a wrongful death action, which is conferred originally in the personal representative and never existed in the decedent. *Totten v. Loventhal,* 373 S.W.2d 421, 422 (Ky.1963); *Faulkner's Adm'r,* 212 S.W. at 131.