**SHELL OIL COMPANY, et al., Plaintiffs,**

**v.**

**Barbara HICKMAN and Barbara Hickman in her Capacity as Representative of the Estate of Michael R. Hickman, Deceased, Defendant.**

**Civ. A. No. 88–0576–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

June 2, 1989.

---

Michael S. Marcus, Jeffrey K. Sherwood, Mark P. Fitzsimmons and Jonathan Shapiro, Akin, Gump, Strauss, Hauer & Feld, Falls Church, Va., for plaintiffs.

Jeffrey K. Sherwood, Mark P. Fitzsimmons and Jonathan Shapiro, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for Union Oil Co. of California.

John McN. Broaddus, Connerton, Ray & Simon, Washington, D.C., and Glenn B. Hammond, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

KISER, District Judge.

This matter is before me on the plaintiffs' motion for a judgment on the pleadings or, in the alternative, for summary judgment. The parties have fully briefed the issues, and I have heard oral argument so this matter is ripe for disposition.

### Facts

The essential facts of this dispute are as follows: The plaintiffs in the instant suit, Shell Oil Company, Ashland Oil, Inc., Exxon Corporation, and Union Oil Company of California ("Unocal")[1], filed their amended complaint seeking a declaratory judgment against the defendants, Barbara Hickman and Barbara Hickman as representative of the estate of Michael Hickman, on November 28, 1988. The defendants answered the plaintiffs' complaint on December 20, 1988. Before continuing with the merits of the instant suit, however, and to better understand the plaintiffs' claims, a brief history of certain analogous litigation would be constructive.

Commencing in March 1988, counsel for the defendants, on behalf of several distinct claimants, filed wrongful death claims against various oil companies, including the plaintiffs in the instant suit.[2] The common element of each wrongful death suit filed by the counsel for the defendants was that the deceased claimants had been employees at the Mohawk Rubber Company in Salem, Virginia, and allegedly had been exposed to various toxic chemicals which caused their deaths. Prior to the instant litigation, the most recent suit filed on behalf of a deceased Mohawk Rubber Company employee was *Riddle v. Shell Oil Co., et al.*, C.A. No. 88-0308-R (S.D.Miss.). Though in the *Riddle* case the majority of the deceased claimant's activities before, and leading up to, his death occurred in Virginia, counsel for the defendants filed the *Riddle* suit in the Southern District of Mississippi, apparently attempting to take advantage of Mississippi's six-year statute of limitations. Counsel for the defendants later stipulated to having the *Riddle* case transferred from the Southern District of Mississippi to the Western District of Virginia.

Moving to the instant suit, beginning in June 1988, counsel for the plaintiffs and

1. I am aware that Unocal intervened effective March 2, 1989. Because Unocal's claims against the defendants are identical to those of the other plaintiffs, however, I will consider Unocal as having filed its complaint along with the other plaintiffs.

2. *Sluder, et al. v. Shell Oil Co., et al.*, C.A. No. 88-0124-R (W.D.Va. filed March 17, 1988); *Car-* *ter v. Shell Oil, et al.*, C.A. No. 88-0172-R (W.D.Va. originally filed April 18, 1988); and *Riddle Shell Oil Co., et al.*, C.A. No. 88-0308-R (S.D.Miss. originally filed in the Southern District of Mississippi on May 4, 1988, and subsequently transferred to the Western District of Virginia on September 27, 1988).

counsel for the defendants commenced discussions regarding the possibility of a lawsuit being filed on behalf of Barbara Hickman and Barbara Hickman as representative of the estate of Michael Hickman. Because Mr. Hickman had died on January 29, 1986, as of June 1988, the Virginia two-year statute of limitations would have precluded any wrongful death action filed on behalf of Mr. Hickman in Virginia. According to an uncontested affidavit filed by the counsel for the plaintiffs, to avoid the preclusive effect of the Virginia statute of limitations, counsel for the defendants informed counsel for the plaintiffs that on behalf of Mr. Hickman, counsel for the defendants was actively considering filing a claim against the plaintiffs in Mississippi to take advantage of Mississippi's six-year statute of limitations.

Consequently, on November 21, 1988, the plaintiffs filed their complaint against the defendants seeking a declaratory judgment that the Virginia two-year statute of limitations would bar any claim filed on behalf of Mr. Hickman. By a motion filed on January 3, 1989, the plaintiffs moved for a judgment on the pleadings or, in the alternative, for summary judgment. Both parties have fully briefed the issues, and on March 2, 1989, this Court heard oral argument on the plaintiffs' motion.

### Discussion

Pursuant to Fed.R.Civ.P. 12(c), because I have considered matters outside the pleadings on the plaintiffs' motion for a judgment on the pleadings, I will treat the plaintiffs' motion as one for summary judgment under Fed.R.Civ.P. 56.

█ The initial inquiry on the plaintiffs' motion for summary judgment concerns the applicable substantive law. Counsel for the defendants concedes that if he had filed a suit on behalf of Mr. Hickman in Virginia, the substantive law of Virginia would apply, including the Virginia two-year statute of limitations. If, however, counsel for the defendants had filed a wrongful death claim in Mississippi on behalf of Mr. Hickman, Mississippi choice of law rules would apply to determine the pertinent substantive law. Again, counsel

for the defendants conceded in oral argument that utilizing Mississippi's "center of gravity" or "most substantial contacts" test, a Mississippi federal court would apply Virginia substantive law, specifically Virginia's wrongful death statute, in any wrongful death claim filed in Mississippi on behalf of Mr. Hickman. *See Siroonian v. Textron, Inc.,* 844 F.2d 289 (5th Cir.1988) [citing *Mitchell v. Kraft,* 211 So.2d 509 (Miss.1968)].

Having determined that Virginia law is the applicable substantive law in any wrongful death claim filed on behalf of Mr. Hickman, the next inquiry concerns the applicable statute of limitations. In Virginia, the limitations period for wrongful death actions is two years from the death of the injured person. Va.Code Ann. § 8.01–244 (1984). In Mississippi, however, the limitations period is a more generous six years. *See Siroonian,* 844 F.2d at 292. Because application of the Virginia statute of limitations by a Mississippi court would preclude any wrongful death suit filed on behalf of Mr. Hickman, the focus of my inquiry becomes the circumstances under which a Mississippi federal court would apply Virginia's statute of limitations. Fortunately, a recent case from the Fifth Circuit addressed precisely this issue. *See id.* At issue in the *Siroonian* case was whether the Kentucky or Mississippi statute of limitations applied to a wrongful death suit filed in Mississippi where Kentucky substantive law applied. The court held that generally Mississippi applies its own law in procedural matters, including the Mississippi statute of limitations. *Id.* The court further held, however, that "Mississippi does recognize an exception to the general rule that a statute of limitations is procedural where the limitations period is an integral part of the statute which created the cause of action, and expiration of the limitations period extinguishes the right of action." *Id.* (citations omitted)

Employing the exception to Mississippi's general rule regarding application of the relevant statute of limitations, the *Siroonian* court concluded that because Kentucky courts considered the Kentucky statute of limitations to be substantive and not procedural, the Mississippi district court correct-

ly had applied the Kentucky statute of limitations. *Id.* Similarly, the Fourth Circuit has concluded that the limitations period associated with the Virginia wrongful death statute is "not an ordinary statute of limitations, but a substantive limitation, an indispensable condition of the liability and of the action which it permits." *Continental Cas. Co. v. The Benny Skou*, 200 F.2d 246, 248 (4th Cir.1952), *cert. denied*, 345 U.S. at 992, 73 S.Ct. 1129, 97 L.Ed. 1400 (1953). Thus, relying upon the *Siroonian* case, I have no difficulty in concluding that a Mississippi federal court would apply Virginia's statute of limitations to any wrongful death claim filed on behalf of Mr. Hickman.

Having concluded not only that Virginia's wrongful death statute would be the applicable substantive law, but also that the Virginia two-year statute of limitations would apply and consequently preclude any wrongful death suit filed on behalf of Mr. Hickman in either Virginia or Mississippi, my final inquiry concerns the appropriateness of this dispute for declaratory judgment under 28 U.S.C. § 2201. Though acknowledging that declaratory relief is a wholly discretionary remedy, premised on the facts and circumstances of each particular case, counsel for the defendants asserts that the instant dispute does not satisfy the threshold qualification of being an actual case or controversy. Though facially this assertion has some merit because no action has been filed on behalf of Mr. Hickman, courts have held that actual commencement of a lawsuit is not a prerequisite to applying for declaratory judgment. *See D'Imperio v. United States*, 575 F.Supp. 248 (D.N.J.1983). In *D'Imperio*, the New Jersey district court held as follows:

> not everyone who fears that a ... private party may seek to compel enforcement of a law or agreement may bring suit under the Declaratory Judgment Act. One's fears must be sufficiently real and immediate, based on the actions or representations of one's potential adversary.

*Id.* at 251.

In the instant dispute, it is apparent that based on the existence of the *Riddle*, *Carter*, and *Sluder* cases, as well as the actions and representations of the defendants' counsel, the plaintiffs' fears of an impending suit filed on behalf of Mr. Hickman were real and immediate. Moreover, the facts and circumstances of the case at bar indicate that declaratory relief is an appropriate remedy because entry of declaratory judgment for the plaintiffs would promote judicial economy. Specifically, counsel for the defendants has indicated in oral argument that he would not oppose an attempt by the plaintiffs in the instant suit to remove to Virginia an action filed on behalf of Mr. Hickman in Mississippi. Because I already have concluded that Virginia substantive law, including Virginia's two-year statute of limitations, would apply in a wrongful death action filed on behalf of Mr. Hickman, entry of declaratory judgment at this juncture would eliminate unnecessary judicial involvement.

In sum, because Virginia's two-year statute of limitations precludes any wrongful death suit filed on behalf of Mr. Hickman in either Virginia or Mississippi, the plaintiffs' motion for summary judgment is granted, and declaratory judgment is hereby entered for the plaintiffs.