## Faulkner's Administrator, etc. v. Louisville & Nashville Railroad Company.

(Decided May 16, 1919.)

### Appeal from Grant Circuit Court.

Executors and Administrators—Limitation of Actions.—The cause of action by an administrator for the death from negligence of his intestate conferred by section 6 Kentucky Statutes, is barred by limitation in one year after the death under section 2516 of the statutes, and such limitation period is not extended to one year after the qualification of the administrator by section 2526 of the statutes, since the cause did not exist in the decedent and survive to his personal representative.

D. E. ERNST for appellant.

A. G. DeJARNETTE, F. A. HARRISON, C. H. MOORMAN and

B. D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The only question for decision upon this appeal is whether the cause of action conferred by section 6 of Kentucky Statutes upon an administrator for the death of his intestate from negligence, is barred by limitation under section 2516 of the Statutes, in one year from the death of the intestate as held by the lower court, or in one year from the qualification of the administrator as contended by the appellant.

This precise question was decided by this court in Carden's Admr. v. L. & N. R. R. Co., 101 Ky. 113, and L. & N. R. Co. v. Simrall's Admr., 127 Ky. 55, in both of which cases it was held that the limitation period began to run upon the date of the death, and the cause of action was barred one year thereafter. In the Carden case our present statute of limitation with reference to actions for death was considered in the light of former enactments upon the same subject, and it was construed as being in intent and purpose but a re-enactment of the act of 1854, which gave the right of action for the loss of life and expressly provided that the limitation period should be one year from the date of death. The Carden case has been cited with approval by this court in many subsequent cases, and as we said in the Simrall case, *supra*:

"In other words if section 4 of the act of 1854 is in meaning and effect included in section 3, article 3, chapter 71, General Statutes, then it must follow that it is also included in section 2516 of the Kentucky Statutes of 1903 (the latter being our present statute), and therefore it conclusively appears that from 1854 until the present day the legislative intent has been that the cause of action for the death accrues as of the date of the death. Such has been the ruling of this court in other cases to which our attention has been called, and certainly no legislative act during the more than fifty years of legislation since 1854 can be found altering or repealing this legislative intent."

It would therefore seem since neither the Carden case nor the Simrall case has been overruled or departed from so far as we can find, that the question is not an open one in this jurisdiction. Moreover, this construction of our statute is in harmony with the great weight of authority in other jurisdictions, although in some a different conclusion has been reached, due, however, usually to the peculiar phraseology of the statute upon the question. See 8 R. C. L. 803, 13 Cyc. 339. We cannot therefore accept as authority the contrary conclusions of the court in American Ry. Co., &c. v. Coronas, 230 Fed. Rep. 545, construing a federal statute somewhat similar in phaseology to our statute, but which was the initial legislation by the federal government upon the particular cause of action, whereas as we have seen our statute is but the re-enactment of, and expressing the same legislative intent and purpose as, a previous act which expressly provided that the limitation period began to run with the death.

Counsel for appellant also relies upon the case of L. & N. R. Co. v. Brantley, 106 Ky. 849, 51 S. W. 585, in which it was held that by the provisions of section 2526 Kentucky Statutes in an action to recover for the pain and suffering of his intestate, the administrator had one year after his qualification in which to file his action, provided his qualification was within one year after the death of his intestate. Counsel, however, overlooks the fact that that action was for pain and suffering of the deceased (and not for his death), for which he in his lifetime had a cause of action which survived to his administrator, and that the extension of time given by section

2526 to an administrator applies only to actions which existed in favor of the intestate and survived to the administrator. This is not such a cause of action, since it never existed in the decedent and did not survive to his administrator, but is conferred originally upon the administrator by section 6 of the Statutes. This distinction was carefully explained by this court in the case of L. & N. R. Co. v. Simrall's Admr., *supra,* in disposing of the same contention that is now being advanced by appellant, and it was expressly recognized in the Brantley case where the court said:

"In Carden v. L. & N. R. Co., this court held that when a cause was for the death of the person the limitation was one year."

This distinction has not been called to attention in several cases where it was immaterial, since the action was barred in either event, but in most of these cases the court has cited with approval both the Carden and Brantley cases, so that none of these cases can be regarded as abolishing the distinction which has been thus carefully observed where it was material, or of approving the one class of cases rather than the other, but must be considered as approving both lines of cases, and the distinction therein, since both are cited with approval.

Some of the cases which fail to call attention to the distinction where it was immaterial, and which counsel for appellant seems to think abolish the distinction and construe section 2526 of the Statutes as applicable to actions for death such as this, but which can not be given such effect, are Fentzka's Admr. v. Warwick Construction Co., 162 Ky. 585; Fleming's Admr. v. Ernst, 2 Bush 128; Wilson's Admr. v. I. C. R. R. Co., 29 K. L. R. 148; Broughner v. Sharp, 144 Ky, 323; Halcomb v. Cornett 146 Ky. 339; L. & N. R. R. Co. v. Sanders, 86 Ky. 259.

Since the appellant did not file this action for the death of his intestate for more than a year after the death, it is apparent that it was barred by the Statute of Limitation and that the court did not err in sustaining such a plea thereto.

Wherefore the judgment is affirmed.