**Rodney A. CONNER, Jr., Individually and as Executor of the Estate of Peggy J. Conner, Movant,**

v.

**GEORGE W. WHITESIDES COMPANY; Henkel Corporation; Celanese Corporation; Ciba–Geigy Corporation; and Allied Chemical Corporation, Respondents.**

No. 90–SC–819–DG.

Supreme Court of Kentucky.

June 4, 1992.

Rehearing Denied Aug. 27, 1992.

Robert E. Reeves, Reeves & Graddy, Lexington, for movant.

J. Peter Cassidy, Jr., Stoll, Keenon & Park, Lexington, William D. Grubbs, Peter N. Tassie, Woodward, Hobson & Fulton, Louisville, for respondent, George Whitesides Co.

Lively M. Wilson, Richard G. Griffith, Margaret M. Alfred, Stites & Harbison,

Lexington, for respondents, Henkel Corp., Celanese Corp., Ciba–Geigy Corp., and Allied Corp.

PAUL M. LEWIS, Special Justice.

Movant, Rodney A. Conner, Jr., as Executor of the Estate of Peggy J. Conner, appeals from a partial summary judgment of the Woodford Circuit Court which held that movant's wrongful death claim was barred by the applicable statute of limitations. The trial court denied summary judgment as to a personal injury claim filed by the estate because that action was filed timely under applicable law. Presumably, because of its interlocutory nature, the trial court's decision as to the personal injury claim was not appealed. The Court of Appeals affirmed the trial court's summary judgment as to the wrongful death claim.

This appeal presents two issues to the Court. The first issue is whether KRS 413.180 applies to wrongful death claims. The second issue is whether the discovery rule applies to wrongful death claims. For the reasons stated hereafter, we hold that KRS 413.180 applies to wrongful death claims. Because of our decision on the first issue we need not address the second issue. We reverse the Court of Appeals.

Peggy Conner was an employee of Texas Instruments for many years. During the course of her employment, she was allegedly exposed to chemicals manufactured or supplied by the respondents. The primary contention of appellant's claim is that the exposure to these chemicals resulted in Peggy Conner's death.

Mrs. Conner was diagnosed with cancer on October 23, 1984. She died August 7, 1985. On September 25, 1985, an order was entered by the Woodford District Court probating Mrs. Conner's will and dispensing with administration of her estate since Rodney Conner, Jr., Mrs. Conner's husband, was the sole beneficiary. Mr. Conner was not appointed executor of the estate at that time.

Mr. Conner had suspicions as to the cause of his wife's death and apparently attempted to discover the possible connection between her exposure to chemicals at work and her illness. On July 15, 1986, Mr. Conner retained counsel. Mr. Conner states that the respondents' names were not determined until August 16, 1986. On September 23, 1986, Mr. Conner was appointed executor of Mrs. Conner's estate in an order of the Woodford District Court which purports to be a Nunc Pro Tunc Order relating back to the order entered on September 25, 1985. Also on September 23, 1986, the present suit was filed in the Woodford Circuit Court.

KRS 413.180 provides time limitations for a personal representative of the deceased to bring specified causes of action. In full, the statute provides:

*Action by or against personal representative under KRS 413.090 to 413.160*

"(1) If a person entitled to bring any action mentioned in KRS 413.909 to 413.-160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative.

(2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period."

The statute limits its scope to actions "mentioned" in KRS 413.090 to 413.160. The statute creating a wrongful death action, KRS 411.130, is not among the statutes listed nor is a wrongful death action "mentioned" explicitly in the listed statutes. However, KRS 413.140 is among these statutes. KRS 413.140(1) and its predecessors have been recognized for over 100 years as establishing a one year statute of limitations for wrongful death

claims. *See Carden v. Louisville & N.R. Co.*, 101 Ky. 113, 39 S.W. 1027 (1897). We reaffirm the applicability of this statute to wrongful death claims. KRS 413.140(1) provides a one year statute of limitations for actions relating to "an injury to the person of the plaintiff." Death is simply the final injury to a person.

Since KRS 413.140(1) is within the statutes listed in KRS 413.180, then the question becomes whether wrongful death claims naturally come within the purview of the latter statute. The former Court of Appeals addressed this question and concluded that the predecessors to KRS 413.-180 did not apply to wrongful death claims. *Faulkner's Adm'r. v. Louisville & N.R. Co.*, 184 Ky. 533, 212 S.W. 130 (1919). *See also, Totten v. Loventhal*, Ky., 373 S.W.2d 421 (1963); *Massie v. Persson*, Ky.App., 729 S.W.2d 448 (1987). In the *Totten* and *Massie* cases, the respective courts held that KRS 413.180 does not apply to wrongful death claims, and in both cases wrongful death claims were dismissed where it was shown that the claims had not been filed within the statutory limit of one year. The Woodford Circuit Court and the Court of Appeals agreed with these authorities. Statutory changes to KRS 413.180 enacted in 1988 suggest that the exclusionary view taken in the above cases is inappropriate. The General Assembly has reenacted the inclusive reference to KRS 413.140 which the courts have stated expresses the wrongful death limitation but restricted the extension in KRS 413.180(2) to one year so that the effect of including the wrongful death limitation in KRS 413.140(1) within the reach of KRS 413.180(2) is a reasonable extension to two years from date of death.

■ Several older cases and our most recent case, *Southeastern Ky. Baptist Hosp. v. Gaylor*, Ky., 756 S.W.2d 467 (1988), are in conflict with these prior cases. In *Gaylor*, this Court quoted *Drake v. B.F. Goodrich Co.*, 782 F.2d 638 (6th Cir.1986), as a "well summarized" statement of the law on the subject. *Drake* states, in pertinent part:

"... if a personal representative is appointed within one year of the date of death, he then is granted one year from the date of his appointment to file suit. If no suit is filed within that time, the action for wrongful death dies."

We have determined that *Gaylor* states the correct rule. The purpose of KRS 413.180 is to allow time for the appointment of a personal representative and then to give that personal representative time to evaluate claims and determine whether to pursue those claims. We believe wrongful death claims must come within the purview of the statute because to rule otherwise could continue existing confusion over varying time limitations. Personal injury and wrongful death claims may be prosecuted by the personal representative in one action as was done in this case. KRS 411.-133. It is reasonable to conclude the General Assembly intended for the personal representative to have the same amount of time to prosecute all claims resulting from injury to the decedent including injuries resulting in death.

*Faulkner's Adm'r. v. L & N, Totten v. Loventhal* and *Massie v. Persson, supra,* reasoned that KRS 413.180 did not apply to a wrongful death claim by taking the literal view that the decedent never had such a claim in his lifetime, but by the same kind of strictly literal statutory application we would have to conclude that KRS 413.-140(1) does not expressly include wrongful death claims, and therefore such claims have no applicable statute of limitations. Our reasoning should be consistent. *Faulkner's Adm'r., Totten,* and *Massie* are overruled.

Mrs. Conner died on August 7, 1985. This is the date when the limitation period of KRS 413.140(1) began. *McCollum v. Sisters of Charity of Nazareth Health Corp.*, Ky., 799 S.W.2d 15 (1990); *Farmer's Bank & Trust Co. v. Rice*, Ky., 674 S.W.2d 510 (1984). Arguably, Mr. Conner was appointed executor on September 25, 1985, and definitely he was appointed executor on September 25, 1986. The correct date depends on whether a Nunc Pro Tunc Order was permissible in the circumstance of this case. We need not decide this question. KRS 413.180(2) provides that if the

personal representative is not appointed within a year after death but is appointed after that time, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the one year anniversary of death to commence a cause of action. The net effect of this statute in this case is to provide two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death.

Under the above-stated rule, movant filed this suit within the time provided by law. Therefore, the Court of Appeals is reversed and this case is remanded to the trial court for further proceedings.

COMBS, LAMBERT and LEIBSON, JJ., concur.

STEPHENS, C.J., dissents with a separate opinion in which SPAIN and WINTERSHEIMER, JJ., join.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent.

The majority opinion, by applying KRS 413.180(2) to the case at bar, overextends previously established authority that grafted wrongful death actions within the purview of time limitations found in KRS 413.180(1).

Confusion over the applicability of time limitations set forth in KRS 413.180(1) and (2), originates in the blurred distinction between the wrongful death act, now found in KRS 411.130, and the survival acts, now found in KRS 413.180(1), (2). At common law, even though a tort action was vested in the tort victim, it did not survive either his death or the death of the tortfeasor. Prosser and Keeton, *Law of Torts*, § 125A, (5th ed. 1984). Thus, "survival statutes" were enacted, transferring the cause of action held by the decedent immediately before, or at death, to his personal representative. Such is the derivation of KRS 413.180(1) and (2).

At common law, when the tortfeasor killed, rather than seriously injured his victim, he was immune from civil action. Wrongful death statutes were therefore adopted to reverse this result. In Kentucky, a precursor to KRS 411.130, was enacted, to establish a new, and independent, cause of action, in the tort victim's dependents, or heirs, to recompense them for loss due to the tort victim's death. Prosser and Keeton, *supra*, § 127.

The Kentucky Legislature in 1854, adopted a wrongful death statute, in response to passage of such a law in 1846, by the English Parliament. The Kentucky law provided:

That if the life of any person is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the personal representative of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of the life aforesaid. 2 Stanton's Revised Statutes, § III, p. 510.

A specific statute of limitations was provided in the following section of the wrongful death act, which reads as follows:

The actions under this act shall be commenced within one year from the time of such death. 2 Stanton's Revised Statutes, § IV, p. 512.

Thus the precursor to KRS 411.130 specifically provided that an action for wrongful death accrued at the time of death regardless of the date of injury, and required that the action be brought within one year. *Chiles v. Drake*, 59 Ky. 146 (1859). This Court has consistently ruled that a wrongful death action accrues at the time of the tort victim's death when interpreting legislative revisions to the original wrongful death act, the revisions having omitted the explicit time limitation clause found in section IV. *Carden v. Louisville & N.R.R. Co.*, 101 Ky. 113, 39 S.W. 1027 (1897); *Louisville & N.R.R. Co. v. Simrall's Adm'r*, 127 Ky. 55, 104 S.W. 1011 (1907); *McCollum v. Sisters of Charity of Nazareth Health Corp.*, Ky., 799 S.W.2d 15 (1990), *Farmer's Bank & Trust Co. v. Rice*, Ky., 674 S.W.2d 510 (1984), S. Speiser, *Recovery for Wrongful Death*, Vol. 2, § 11:11 (2d ed. 1975).

Language in KRS 413.180(2) appears to fall outside the parameters of a wrongful death action:

If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 *would have accrued to him if he had continued alive,* and there is an interval of more than one year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period. (Emphasis added.)

The wrongful death action under KRS 411.130 does not "accrue" until death of the tort victim. Thus by the highlighted language found in KRS 413.180(2), the statute is inapplicable to civil actions brought under KRS 411.130, for an action based in wrongful death is never vested in the tort victim himself. This Court, in *Wheeler v. Hartford Accident & Indemnity Company,* Ky., 560 S.W.2d 816, 819 (1978) observed this fact, when we stated:

KRS 411.130 mandates that all actions for wrongful death be maintained by the personal representative of the deceased ... Courts have consistently held that the right to action is in the *personal representative* exclusively. (Emphasis added.)

The majority opinion applies both KRS 413.180(1) and (2) to the case at bar, arguing that for over 100 years this Commonwealth has recognized time limitations found in KRS 413.180(1) to be applicable to wrongful death claims. *See, Carden v. Louisville & N.R.R. Co., supra.* Since both sections in KRS 413.180 incorporate actions "mentioned in KRS 413.090 to 413.-160," the majority thus reasons their applicability to the present case, because through case interpretation, time limitations found in KRS 413.140(1)(a), have been held to apply to wrongful death claims. *Carden v. Louisville & N.R.R. Co., supra.*

Application of time limitations for wrongful death in prior case law is muddied, because a distinction exists between a cause of action which a tort victim has prior to death, pursuant to KRS 413.-140(1)(a), and a cause of action for wrongful death, pursuant to KRS 411.130, *see Faulkner's Adm'r v. Louisville & N.R.R. Co.,* 184 Ky. 533, 212 S.W. 130 (1919); *Louisville & N.R.R. Co. v. Brantley's Adm'r,* 106 Ky. 849, 51 S.W. 585 (1899); *Totten v. Loventhal,* Ky., 373 S.W.2d 421 (1963); *Massie v. Persson,* Ky.App., 729 S.W.2d 448 (1987). Confusion by state courts and legislatures as to this distinction is not uncommon. Comment, *An Economic Analysis of Tort Damages for Wrongful Death,* 60 N.Y.U.L.Rev. 1113, 1117–1118 (1985).

A leading treatise on wrongful death, when distinguishing between a cause of action a person has prior to death, and a cause of action for the tort victim's wrongful death, notes:

a statute which provides that the limitation period will cease to run 12 months after the death of one in whose favor there is a cause of action unless his personal representative qualifies will toll the statute of limitations as to the first-described action, but not as to the second. S. Speiser, *supra.*

In seeming contradiction to this observation, the one year time bar found in KRS 413.180(1), is applied to wrongful death acts, and not just to actions based upon personal injuries to the tort victim. KRS 413.180(1) provides that:

If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative.

While KRS 413.140(1)(a) covers actions imputed to the deceased before his death, e.g. pain and suffering, this Court has extended the reach of its one year statute of limitations to cover wrongful death claims by our decision in *Carden v. Louisville & N.R.R. Co., supra.* KRS 413.140(1)(a) covers the following:

an action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice or servant.

In *Carden v. Louisville & N.R.R. Co., supra,* this Court observed that a revision of the General Statutes transferred the act of 1854 to Chapter 57, but section 4, of the original act, which prescribed the time within which actions in wrongful death should be brought, was omitted. Noting that the revised statutes transferred the limitation clause in section 4 covering wrongful death to the "chapter on limitations," which included other sections, including the precursor to KRS 413.140(1)(a), this Court said:

It seems evident that it was the intention of the legislature to limit the time when actions could be instituted under this statute to one year from the day when the cause of action *accrued,* which undoubtedly was *the date of death* ... the obvious purpose [of the revised statute which encompasses time limitations that include within its provisions the precursor to KRS 413.140(1)(a) ] was to provide for a reasonable limitation of actions which did not accrue to a man in his lifetime, but which might accrue for the benefit of his estate after his death. *Carden v. Louisville & N.R.R. Co., supra.* (Emphasis added.)

While case interpretation has included time limitations found in KRS 413.180(1) to wrongful death claims, see *Drake v. B.F. Goodrich Co.,* 782 F.2d 638 (6th Cir.1986); *Southeastern Ky. Baptist Hospital v. Gaylor,* Ky., 756 S.W.2d 467 (1988), when technically such time bars are solely applicable to personal injury actions covered under KRS 413.140(1)(a), extension of KRS 413.180(2) to the case at bar counters explicit statutory language and precedent. A wrongful death action "accrues" at the time of the tort victim's death. Thus the case at bar is outside the statutory language previously highlighted in KRS 413.-180(2).

The majority opinion emphasizes that applying KRS 413.180(2) to the case at bar is supported by the fact that the 1988 General Assembly included KRS 413.140(1)(a) in both time limitations found within KRS 413.180(1) and (2). As previously mentioned, this Court in *Carden v. Louisville & N.R.R. Co., supra,* held that the time

limitations clause, which covered personal injury actions, as well as other actions, was applicable to wrongful death claims, because the legislative revision of the wrongful death act omitted the one year limitation, previously found in section IV. The majority opinion thus erroneously reasons that wrongful death claims under KRS 411.130, are grafted under KRS 413.-140(1)(a), and thus fall within the purview of KRS 413.180(1) and (2).

Mrs. Conner died on August 7, 1985. Because Mr. Conner was not appointed as personal representative of his wife's estate until September 23, 1986, more than thirteen months after the wrongful death claim accrued, and because KRS 413.180(2) is inapplicable to the wrongful death cause of action, maintenance of the suit is barred under KRS 413.140(1)(a) and KRS 413.-180(1). Thus I would affirm the opinion of the Court of Appeals that upheld granting a motion for summary judgment on grounds that the wrongful death action was time-barred.

SPAIN and WINTERSHEIMER, JJ., join this dissent.