Rose EVERLEY, Administratrix of
the Estate of Harry Everley,
Deceased, Appellant,

v.

Robert WRIGHT, CRNA; Dr. J. Ross;
and Ohio County Hospital, Inc.,
Appellees.

No. 92–CA–1890–MR.

Court of Appeals of Kentucky.

Dec. 22, 1993.

Discretionary Review Denied by Supreme
Court April 13, 1994.

Larry W. Cook, Russellville, for appellant.

Byron L. Hobgood, Patricia G. Creager, Franklin, Gordon & Hobgood, Madisonville, for Robert Wright.

Scott P. Whonsetler, Jacobson, Maynard, Tuschman & Kalur, Louisville, for Dr. Ross.

Stephen B. Lee, Ronald G. Sheffer, Paul Marcum Willis, Sheffer, Hoffman, Thomason & Morton, Owensboro, for Ohio Co. Hosp.

Before EMBERTON, HOWERTON and JOHNSTONE, JJ.

## OPINION

HOWERTON, Judge.

Rose Everley's wrongful death suit was dismissed by the Ohio Circuit Court on the basis that, at the time of trial, Mrs. Everley had never been appointed the personal representative of her husband's estate and thus she could not properly bring the action. No personal representative having been appointed before the statute of limitations had run on the claim, the suit was time-barred. Reviewing the law, we reluctantly affirm.

Harry Everley was admitted to the Ohio County Hospital for surgery to take place on January 28, 1989. Within two hours after surgery, he suffered a cardiac arrest and died in his hospital room. The clock for any malpractice claim began ticking.

■ An order dispensing with administration of his estate was filed with the Ohio District Court on May 30, 1989. On January 17, 1990, Rose Everley brought this suit, alleging negligence on the part of the surgeon, the anesthetist, and the hospital. She sought damages for wrongful death and loss of consortium. At trial, her claim for loss of consortium was dismissed because her husband had died only two hours after the surgery, and a claim for loss of consortium is recoverable only from the period of time between the injury and the death or recovery. Loew v. Allen, Ky., 419 S.W.2d 734 (1967); 2 J. Merritt, Ky. Practice § 1397 (1984).

The case proceeded to trial on June 30, 1992. On July 1, at the close of Mrs. Everley's evidence, the appellees made a motion for a directed verdict because there was no proof in the record that Mrs. Everley had ever qualified as personal representative of her husband's estate. When this allegation was verified by reference to the probate record, the trial court orally granted the motion and the jury was discharged. Mrs. Everley then obtained a nunc pro tunc order on July 7, 1992, setting aside the order of May 30, 1989, dispensing with administration of the estate, and appointing Mrs. Everley as executrix of her deceased husband's estate. This order purported to relate the appointment back to May 30, 1989. Then her counsel filed a motion to alter, amend, or vacate the order of dismissal. On July 16, 1992, the trial court entered its written directed verdict in which it stated, "The record of this action and the evidence showed that this action had not been filed by any Personal Representative within the appropriate Statute of Limitations time period. Therefore, the wrongful death action was lost since it was not asserted within the appropriate period of limitations." On July 24, 1992, Mrs. Everley moved to amend her complaint pursuant to CR 15.01, but no amended complaint appears of record. That same date, the court denied her motion to vacate the directed verdict entered July 16, 1992. Thereafter, she retained new counsel and filed a notice of appeal. An order was entered August 17, 1992, vacating so much of the nunc pro tunc order as appointed her personal representative on May 30, 1989, and instead made the appointment effective July 6, 1992. No appeal was taken from that order. After other post-judgment motions were made pursuant to CR 60.02, and the appeal was abated, the trial court denied all motions. This appeal then proceeded.

■ The only issue on appeal is whether the entry of a directed verdict was proper. In ruling on a motion for a directed verdict, the trial court is to consider the evidence in the strongest possible light in favor of the party opposing the motion. A directed verdict must not be entered unless there is "a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ." Taylor v. Kennedy, Ky.App., 700 S.W.2d 415, 416 (1985); Mason v. Keltner, Ky.App., 854 S.W.2d 780 (1992). In the present case, it was undisputed that Mrs. Everley had not been appointed administrator at the time of trial.

A case similar to this is Connor v. George W. Whitesides Co., Ky., 834 S.W.2d 652 (1992). Connor held that KRS 413.180 applied to wrongful death suits to save an action filed 13 months after death when the appointment of a representative was accomplished on the same date suit was filed. KRS 413.180 provides:

(1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative.

(2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and *there is an interval of more than one year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.* (Emphasis added.)

■ The statute establishing a cause of action for wrongful death, KRS 411.130, is not included or specifically mentioned in KRS 413.090 through KRS 413.160. KRS 413.140 sets forth what actions must be brought within one year. Included are personal injury claims and actions for medical negligence. KRS 413.140(1)(a), (e). KRS 413.140 has been interpreted to supply a limitations period in wrongful death actions since KRS 411.130 does not mention a time period. *Carden v. Louisville & N.R.R.*, 101 Ky. 113, 39 S.W. 1027 (1897). Since KRS 413.140 is within the statutes mentioned in KRS 413.180, our Supreme Court has interpreted the latter to include and apply to wrongful death actions. KRS 413.180 has been further construed to "provide two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death." *Connor*, 834 S.W.2d at 655.

In *Connor*, Mrs. Connor died August 7, 1985. On September 25, 1985, an order was entered dispensing with administration of the estate since her surviving husband was the sole beneficiary. On September 23, 1986, 13 months after Mrs. Connor's death, Mr. Connor was appointed executor and filed a wrongful death action on that same day. The order appointing him executor purported to be a nunc pro tunc order relating back to

September 25, 1985. Neither the lawsuit nor the appointment was filed within the one-year statutory period for wrongful death claims. However, the Supreme Court used KRS 413.180 to extend the statute of limitations for filing the lawsuit. The Supreme Court, without deciding whether the nunc pro tunc order was permissible, used KRS 413.180 to reason that:

> If the personal representative is not appointed within a year after death but is appointed after that time, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the one year anniversary of death to commence a cause of action.

*Id.* at 655.

It appears that the Supreme Court has used a "survival" statute to apply to wrongful death actions. KRS 413.180 speaks of a cause of action which the decedent could have brought while alive. While we must follow the majority opinion in *Connor*, we nevertheless find the facts in this case to be distinguishable from the situation in *Connor*.

■ *Connor* appears to set an outer limit of two years from the date of death in which to appoint a personal representative and to file a lawsuit. In the present case, Mrs. Everley filed the lawsuit within the one-year statute of limitations period normally applicable in wrongful death claims, but there was no attempt to amend the complaint to reflect her actual appointment until after trial in July 1992, well beyond one year from the one-year anniversary of death. *Cf. Connor*, 834 S.W.2d at 655. We do not believe that *Connor* authorizes the dates to be manipulated to this extent.

Mrs. Everley also relies on the cases of *Modern Bakery v. Brashear*, Ky., 405 S.W.2d 742 (1966), and *Richardson v. Dodson*, Ky., 832 S.W.2d 888 (1992). In *Richardson*, the son filed a wrongful death action in his individual capacity. Before any answer was filed by the appellee in that action, Richardson was appointed administrator and he filed an amended complaint asserting his status as administrator. The statute of limitations had run by the time of the filing of the amended

complaint, and the Supreme Court ultimately ruled that Richardson's claim was timely. CR 15.03 served to relate the amended complaint back to the time of the original complaint to save the wrongful death claim. The amended complaint was filed before any response was made in that lawsuit.

The case of *Modern Bakery* is distinguishable in that there was some real question as to whether the plaintiff had been duly appointed as personal representative within the limitations period. It appears from the text of *Modern Bakery* that the plaintiff did submit copies of various documents alleged to substantiate his claim of timely appointment. A nunc pro tunc order was obtained directing the entry of these documents. 405 S.W.2d at 743. In the present case, there is no claim that Mrs. Everley was duly appointed and, through some oversight, this was omitted from the probate records. *Cf. Powell v. Blevins,* Ky., 365 S.W.2d 104 (1963). Further, in both *Modern Bakery* and *Richardson,* the complaints were actually amended. Such is not the case here.

KRS 411.130(1) provides that an action for wrongful death shall be prosecuted by the personal representative of the deceased.

*Wheeler v. Hartford Accident & Indem. Co.,* Ky., 560 S.W.2d 816 (1978); *Southeastern Ky. Baptist Hosp. v. Gaylor,* Ky., 756 S.W.2d 467, 470 (1988). At no time before the jury was discharged and an order directing the verdict was announced from the bench was Mrs. Everley properly acting in the status of the personal representative of her husband's estate. Thus she did not fulfill the requirements of one who is authorized to bring a wrongful death action; nor did she take necessary steps to remedy the deficiency. The trial court therefore had no alternative but to direct a verdict in the appellees' favor. *Jewel Tea Co. v. Walker's Adm'r,* 290 Ky. 328, 161 S.W.2d 66 (1942).

The judgment of the Ohio Circuit Court is therefore affirmed.

All concur.