973 S.W.2d 61 (1998)
Rebecca GRAY, Administratrix of the Estate of Troy R. Lozano, Appellant,
v.
COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS; and Commonwealth of Kentucky, Board of Claims Appellees.
No. 96-CA-1504-MR.
Court of Appeals of Kentucky.
November 14, 1997.
Discretionary Review Denied by Supreme Court April 8, 1998.
*62 Fred E. Fischer, Mike Kelly, Louisville, for Appellant.
Carl J. Bensinger, Margie Lynn Loeser, Louisville, for Appellee.
Before WILHOIT, C.J., and COMBS and DYCHE, JJ.

OPINION
WILHOIT, Chief Judge.
This is an appeal from an order affirming the Board of Claims' dismissal of the appellant's claim as barred by the statute of limitations. The decedent, Troy R. Lozano, died July 18, 1993, as a result of injuries sustained in a single-vehicle accident that day. The appellant, Rebecca Gray, was appointed administratrix of her son's estate on October 7, 1993, and filed a claim with the Board of Claims on October 5, 1994. The Board dismissed the claim as time-barred pursuant to the motion of the appellee, Department of Highways. The circuit court affirmed the dismissal and this appeal followed.
KRS 44.110 provides as follows:
(1) All claims must be filed with the Board of Claims within one (1) year from the time the claim for relief accrued.
. . . .
(3) The claim for relief for personal injury shall be deemed to accrue at the time the personal injury is first discovered by the claimant or in the exercise of reasonable care should have been discovered; however, no action for personal injury shall be commenced beyond two (2) years from the date on which the alleged negligent act or omission actually occurred.
The appellant asserts that pursuant to KRS 44.110(3), the wrongful death claim should be deemed to accrue on the date the personal representative is appointed because the claim could not have been discovered until the party entitled to prosecute the claim legally existed. She contends that the earliest possible date that she could have discovered the wrongful death claim was the date she was appointed administratrix of her son's estate, October 7, 1993; therefore, the October 5, 1994, filing of the claim was timely.
The "discovery rule," as applied to civil actions filed in a court of law, tolls the running of the statute of limitations in situations where the cause of action is not reasonably discoverable until the plaintiff knows, or in the exercise of reasonable care should know, that the injury has occurred. Michels v. Sklavos, Ky., 869 S.W.2d 728, 732 (1994). The discovery rule was defined in Louisville Trust Co. v. Johns-Manville Products Corp., Ky., 580 S.W.2d 497 (1979) as follows:
"A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.
Johns-Manville, 580 S.W.2d at 501, citing Raymond v. Eli Lilly & Co., 117 N.H. 164, 371 A.2d 170, 174 (1977). The discovery rule does not operate to toll the statute of limitations in a wrongful death case filed in a *63 circuit court, absent a defendant's fraudulently concealing or misrepresenting the circumstances of the death, because the cause of action accrues when the fact of injury is known; the decedent's death provides the notice to investigate. McCollum v. Sisters of Charity of Nazareth Health Corp., Ky., 799 S.W.2d 15, 19 (1990). The discovery rule applies to latent injury cases and also has been codified in KRS 413.140(4) for medical malpractice and KRS 413.245 for professional service malpractice. For medical malpractice claims against the state, KRS 44.110(4) codifies the discovery rule and further provides that the claim must be filed no later than three years from the date the alleged negligent act or omission occurred.
The appellant contends that KRS 44.110(3) allows a personal representative one year from the date of her appointment to file a claim in the Board of Claims because she, as personal representative, could not have discovered the claim until she legally existed. A comparable argument was made, albeit unsuccessfully, by the plaintiff in Carden v. Louisville & N.R. Co., 101 Ky. 113, 39 S.W. 1027 (1897). Carden recounts the early history of the wrongful death statute. At common law a cause of action did not exist to recover damages for wrongful death because the right of action for injury resulting in death died with the injured person; however, this state since 1854 has had a statute providing that a personal representative may bring an action to recover damages resulting from wrongful death. The wrongful death statute originally provided that the action shall be commenced within one year of the death. Soon after its enactment the limitations provision was transferred to the general statute of limitations, which stated that an action for personal injury shall be brought within one year after the cause of action accrued. The cause of action for wrongful death accrues at the time of death. Id., 39 S.W. at 1028; Louisville & N.R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S.W. 1011, 1014 (1907).
The plaintiff in Carden argued that the statute of limitations for wrongful death did not commence until his appointment as administrator because no person competent to bring the action existed until his appointment. In rejecting this argument the Court stated as follows:
The statute under which this suit was instituted provides "that actions under it must be commenced within twelve months after cause of action shall have accrued." There is nothing in these words which imply, in addition, the existence of a person legally competent to enforce it by suit . . . . if it was the intention to provide that the statute should only run where there is both a right of action and a person to assert it, why not insert a provision to that effect in general terms?
Carden, 39 S.W. at 1028. That the statute of limitations begins to run at the time of death, and not the time of the appointment of the administrator, is the majority position. See Stuart M. Speiser et al., Recovery for Wrongful Death and Injury § 11:11 (3rd ed.1992).
In Conner v. George W. Whitesides Co., Ky., 834 S.W.2d 652 (1992), the Supreme Court by a four-to-three decision held that KRS 413.180, a survival statute, applied to wrongful death claims. Conner did not alter the rule that a cause of action for wrongful death accrues on the date of death; however, the Court held that KRS 413.180 extends the one-year limitation period to one year from the date of the personal representative's appointment. Id., 834 S.W.2d at 654. The Court further held that
KRS 413.180(2) provides that if the personal representative is not appointed within a year after death but is appointed after that time, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the one year anniversary of death to commence a cause of action. The net effect of this statute in this case is to provide two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death.
Conner, 834 S.W.2d at 654-655. The dissent in Conner highlighted the language in KRS 413.180(2) that that statute applied to actions which "would have accrued to him if he had continued alive." Since a cause of action for wrongful death was never vested in the tort victim, but in the personal representative, *64 the dissenting judges contended that a survival statute, KRS 413.180(2), cannot extend the one-year statute of limitations. Id., 834 S.W.2d at 657 (Stephens, J., dissenting).
The Board of Claims Act is a limited waiver of sovereign immunity. KRS 44.072. KRS 44.110 establishes a condition precedent to filing a claim against the Commonwealth. Commonwealth, Transp. Cab., Dep't of Hwys. v. Abner, Ky., 810 S.W.2d 504 (1991). Other limitations provisions in KRS 44.110 shorten the time in which the Commonwealth may be sued as compared to general statutes of limitations. For example, KRS 44.110(5) provides that a claimant under any disability must bring an action in the Board of Claims through a guardian, next friend, committee or other qualified representative within the time limitation provided by the other provisions of KRS 44.110 or the claim is barred. The appellant does not contend, nor could she successfully, that KRS 413.180 applies to wrongful death claims filed in the Board of Claims.
We are of the opinion that "claimant," as used in KRS 44.110, refers to the person himself who has suffered the actual injury rather than to a personal representative. We find no legislative intent in KRS 44.110 that the appointment of the personal representative modify the limitations period for wrongful death claims against the Commonwealth.
The circuit court judgment is affirmed.
DYCHE, J., concurs.
COMBS, J., dissents and files a separate opinion.
COMBS, Judge, dissenting.
I can find no rationale or justification for refusing to extend the survival statute (KRS 413.180) as interpreted by Conner, supra, to cases involving the Board of Claims. The doctrine of sovereign immunity, having been waived by the General Assembly by KRS 44.110 in limited fashion to allow claims against the Commonwealth, should not preclude application of the "savings statute" to the case at bar.
Although (amazingly) appellant did not rely upon either KRS 413.180 or Conner, I can find no rational basis for creating two differently affected classes of plaintiffs/personal representatives in wrongful death cases: one group having as long as two years in which to file suit and another cut short and enjoying less than a full year (as in this case) in which to bring an action. Sovereign immunity does not demand nor justify such an unequal result.