**Ernie D. ROBINSON, Individually and Administrator of the Estate of Jeffrey Dale Robinson, Deceased Plaintiff**

v.

**GENERAL MOTORS CORPORATION and HONEYWELL INTERNATIONAL, INC. Defendants**

**No. CIV. A. 4:00CV64LN.**

United States District Court, S.D. Mississippi, Eastern Division.

Jan. 26, 2001.

---

Robert G. Germany, Pittman, Germany, Roberts & Welsh, Jackson, Joseph H. Mattingly, III, Lebanon, KY, for Plaintiff.

Gene D. Berry, Heidelberger & Woodliff, Jackson, Paul V. Cassisa, Jr., Bernard, Cassisa, Elliott & Davis, Oxford, Steven D. Brock, Harvey, Kruse, Western & Milan, P.C., Troy, MI, Timothy Dylan Moore, Currie, Johnson, Griffin, Gaines & Myers, Jackson, for Defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant General Motors Corporation (GM), joined by defendant Honeywell International, Inc. (Honeywell), for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff Ernie D. Robinson opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion should be granted in part and denied in part.

Plaintiff, a Kentucky resident, originally filed this action against GM and Honeywell, both Delaware corporations, in the

Circuit Court of Jasper County, Mississippi, on April 30, 2000, seeking to recover compensatory and punitive damages for the death of his ten-year old son, Jeffrey Dale Walker, who was killed on April 1, 1997 in an automobile accident on Interstate Highway 59 in Jasper County, Mississippi. According to the complaint, Jeffrey's seatbelt, designed by Honeywell, did not latch properly as a result of which, when the Chevrolet Astrovan, manufactured by GM and being driven by Jeffrey's mother, left the interstate and rolled over, Jeffrey was ejected from the vehicle and sustained fatal injuries.

GM timely removed the action to this court,[1] alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332. GM, joined by Honeywell, now seeks summary judgment, urging that plaintiff's claims, brought over two years after Jeffrey's death, are barred by Kentucky's one-year substantive statute of limitation applicable to wrongful death claims.[2] For his part, Robinson asserts that his wrongful death claim is timely under Miss.Code Ann. § 15–1–49, setting forth a three-year statute of limitations, and that his warranty claim is timely under Miss.Code Ann. § 75–2–725; which establishes a six-year limitation period for Robinson's warranty claims. Based on the following, the court agrees with plaintiff that Mississippi's statute of limitations, as opposed to Kentucky's, applies to his wrongful death claim, and therefore, the complaint filed less than three years after Jeffrey's death is not time barred. The court, however, does not agree that plaintiff's warranty claims are timely, and for this reason, will grant the defendants' motion for summary judgment as to these claims.

■ There is no dispute that "[a]s a federal court in Mississippi deciding a diversity action, [this] court necessarily applie[s] Mississippi conflict of law rules." *Siroonian v. Textron, Inc.,* 844 F.2d 289, 291 (5th Cir.1988). Accordingly, to determine which state's substantive law applies to Robinson's wrongful death claim, the court would utilize the " 'center of gravity,' or 'most substantial contacts' test enunciated by the Mississippi Supreme Court in *Mitchell v. Craft,* 211 So.2d 509 (Miss. 1968)." *Id.* Under this test, the substantive law of Mississippi, as the place where the injury occurred, would apply, "unless with respect to a particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state would apply." *Id.* (internal quotations omitted).

■ However, as regards procedural matters, including, as a general rule, statutes of limitations, Mississippi applies its own law. *Id.* at 292. A well-recognized exception to this general rule exists where the "limitations period is an integral part of the statute which created the cause of action, and expiration of the limitations period extinguishes the right of action." *Id.* In such cases, the limitations period is considered to be substantive. In determining whether another state's statute of limitations is "substantive" or "procedural," Mississippi "honors the construction of [the] statute placed on it by the courts of

---

1. Although it is not clear from the record, Honeywell, which did not join in the removal, apparently was not served until after the case was removed to this court.

2. Section 413.140 of the Kentucky Revised Statutes provides, in pertinent part:

(1) The following actions shall be commenced within one

(1) year after the cause of action accrued:
(a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant;

the state whose legislature enacted it." *Id.*

Here, defendants argue that Kentucky has the most significant relationship to this case and that the court must therefore apply the substantive law of Kentucky which, according to the defendants, includes its one-year statute of limitations applicable to wrongful death cases. In support of this position, defendants rely on the Fifth Circuit's opinion in *Siroonian,* where the court, based on its "careful reading of Kentucky precedents," concluded that the "Kentucky courts consider the statute of limitations applicable to Kentucky's wrongful death statute to be substantive law." *Siroonian,* 844 F.2d at 293. The court's conclusion in this regard was premised on the fact that Kentucky courts had in a number of cases determined that the one-year wrongful death limitations period could not be extended by the state's survival statute, Ky.Rev.Stat. § 413.180,[3] which provides for a one-year extension of time for the filing of certain suits by a decedent's validly appointed personal representative. The Fifth Circuit reasoned that "collectively these cases support a

finding that the Kentucky courts construe the one-year limitation to be an integral part of the statute creating the wrongful death cause of action." *Id.* at 294.

Accepting that this was an accurate characterization of the Kentucky courts' construction of that state's wrongful death statute when *Siroonian* was decided, however, avails defendants nothing in this case, for in *Conner v. George Whitesides Co.,* 834 S.W.2d 652 (Ky.1992), decided four years after *Siroonian,* the Kentucky Supreme Court held that Kentucky's survival statute does apply to wrongful death claims and that the wrongful death limitations period can thereby be extended beyond a year.[4] Indeed, in reaching this conclusion, the court in *Conner* expressly overruled two of the cases whose holdings the Fifth Circuit had reasoned supported its conclusion,[5] and further confirmed that another which the Fifth Circuit stated had inaccurately characterized Kentucky law, namely the Sixth Circuit's decision in *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 641–42 (6th Cir.1986), was, in fact, a "well summarized" statement of Kentucky law.[6]

---

**3.** This statute provides that

> (1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative. (2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

**4.** The Kentucky Supreme Court thus found that the wrongful death claim of Rodney Con-

ner, brought more than one year after his wife's death, was not time barred by the one-year statute of limitations. *Conner,* 834 S.W.2d at 654.

**5.** Specifically, *Conner* overruled *Faulkner's Administrator v. Louisville & N.R. Co.,* 184 Ky. 533, 212 S.W. 130 (Ky.1919), *Totten v. Loventhal,* 373 S.W.2d 421 (Ky.1963), and *Massie v. Persson,* 729 S.W.2d 448 (Ky.App. 1987). *Id.*

**6.** Specifically, the Sixth Circuit in *Drake* stated that under Kentucky law, "if a personal representative is appointed within one year of the date of death, he is then granted one year to file suit." *Drake,* 782 F.2d at 641–42. In *Siroonian,* the Fifth Circuit observed that *Drake* was a misstatement of Kentucky law as the survival statute did not apply in wrongful death cases. *See* 844 F.2d at 294 n. 4. Interestingly, despite the Fifth Circuit's disapprov-

The court's opinion in *Conner* construes Kentucky law in a way that completely undermines the rationale cited by the Fifth Circuit in support of its conclusion in *Siroonian* that Kentucky's wrongful death statute of limitation is substantive, and suggests that it is instead procedural.

 Accordingly, even assuming for the sake of argument, that Kentucky has a "more significant relationship" to the occurrence and the parties, given that the Kentucky courts appear to no longer construe the one-year limitations period as substantive, this court concludes that Mississippi's three-year statute of limitations applies and that plaintiff's wrongful death action is thus not time barred.[7]

 Finally, it is clear that regardless of which state's law is applied, Mississippi or Kentucky, plaintiff's claims for breach of warranty are time barred. Section § 75–2–725 of the Mississippi Code provides that "[a]n action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued," while § 355.2–725 of the Kentucky Code provides for a four-year limitations period. Under both state's enactments of the Uniform Commercial Code, "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "[a] breach of warranty occurs when tender of delivery is made."[8] Here, the evidence reflects that the Chevrolet Astrovan was sold by GM, and the court thus cannot conclude that plaintiff's warranty claims, brought almost eight years after tender of delivery, are timely under either Mississippi or Kentucky law. For this reason, defendants are entitled to summary judgment on Robinson's warranty claims.

Based on the foregoing, it is ordered that the motion of defendants GM and Honeywell is granted in part and denied in part.

---

al of *Drake*, GM cited it for the proposition that Robinson's wrongful death claim is barred under Kentucky substantive law because suit was not filed within two years of Jeffrey's death. GM, however, did not, in its initial brief, cite or otherwise mention *Conner*, the Kentucky Supreme Court case which definitively establishes that the survival statute applies in a wrongful death action.

7. GM's assertion that this court is bound to follow *Siroonian*, even though its holding is totally undermined by the Kentucky Supreme Court's decision in *Conner*, of course, is contrary to the language in *Siroonian* which di-

rects that this court, sitting as a Mississippi court, is to "honor the construction of the statute placed on it by the courts of the state whose legislature enacted it." *Siroonian*, 844 F.2d at 292.

8. There is an exception to this rule "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Miss.Code Ann. § 75–2–725(2); Ky. Rev. St. § 355.2–725. Plaintiffs have not argued that this exception applies in the case at bar.