RENDERED: OCTOBER 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0544-MR

WENDA CONLEY[1]                                              APPELLANT

|   | APPEAL FROM PULASKI CIRCUIT COURT |
|---|---|
| v. | HONORABLE DAVID A. TAPP, JUDGE |
|   | ACTION NO. 14-CI-00772 |

COMMONWEALTH OF KENTUCKY
DEPARTMENT OF TRANSPORTATION                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

---

[1] The notice of appeal lists the name of the appellant as "Wanda" Conley. However, the Appellant's Brief cover lists the Appellant as "Wenda" Conley, as do documents in the record supplied by the Appellant, most particularly the signature provided upon service of the civil summons when the Appellee filed the underlying action in Pulaski Circuit Court, as well as the application for an "Off-Premise Advertising Device" filed by Appellant. We believe this evidence indicates that the proper spelling of the Appellant's name is as we have it here, Wenda.

CALDWELL, JUDGE:  Wenda Conley appeals the Pulaski Circuit Court's grant of summary judgment in favor of the Kentucky Department of Transportation (KYTC).[2]  We affirm.

**FACTS**

Wenda Conley is involved in the operation of an outdoor advertising business known as Somerset Billboards.  In March of 2014, she submitted an application to erect a billboard using a form "Application for Off-Premise Advertising Device" with the Department of Highways Permits Branch ("Branch") seeking to erect a billboard alongside Kentucky Highway 914, a bypass which encircles the city of Somerset.  The permit was denied by the Branch and the reason given was "due to there is no business located within 700 feet of the proposed location."

Apparently hoping to receive a different result, Conley filed a subsequent application approximately two weeks later for the same location.  In response, an email was sent to a Robert Conley[3] by a KYTC employee, explaining that the application was still not going to be approved as the submitted business did

---

[2] Although denoted the "Kentucky Department of Transportation" in the notice of appeal, the Appellee's correct name is "Commonwealth of Kentucky, Transportation Cabinet, Department of Highways."

[3] Despite Wenda Conley's name and signature appearing on the application, the email address provided was for one Robert Conley.

not have a parking lot, access from the public highway or signage, and did not appear to comply with the requirements of the regulations. Further, the proposed location did not meet the requirements of the regulations for distancing when reviewed using KYTC aerial maps.

Despite not receiving a permit, the billboard was erected sometime before August of 2014. The billboard erected had three faces. Two of the faces are typical and display paper advertising banners, while the third is electronic and displays digital advertisements.

Following the placing of the billboard without permitting, KYTC filed an action in Pulaski Circuit Court seeking an order finding the billboard to be in violation of the statutes and regulations thereto and seeking an injunction ordering Conley to remove the billboard, a permanent injunction enjoining Conley from erecting any other violating advertisements, as well as fines and costs.

Following discovery, KYTC moved for summary judgment in July of 2015.[4] The circuit court denied the motion, finding that the Commonwealth had failed to provide proof that the route involved qualified as a Federal-Aid Primary

---

[4] KYTC had filed a previous motion for summary judgment in May of 2015. That motion was withdrawn, and the renewed motion was filed in July after new information came to light.

Highway, as outlined in the applicable statute, Kentucky Revised Statute (KRS) 177.841(1).[5]

In 2017, KYTC moved again for summary judgment. The Pulaski Circuit Court granted the motion a year later, finding that KYTC had offered sufficient support for a finding that Kentucky Highway 914 was designated a Federal-Aid Primary Highway. In the order, Conley was directed to remove the billboard and a permanent injunction was entered prohibiting erecting any other advertising device at the location. No fine was ordered.

A motion to alter, amend, or vacate the order was filed timely by Conley. In that motion, Conley raised the question of whether Highway 914 had been designated a Federal-Aid Primary Highway at the time the billboard was erected. The court held the motion in abeyance and gave KYTC twenty days to provide proof of the date of designation. KYTC provided such proof in a timely manner.[6] KYTC then filed a renewed motion for summary judgment, which was ultimately granted in March of 2020. Conley appeals from this order. We affirm.

---

[5] "Except as otherwise provided in KRS 177.830 to 177.890, the erection or maintenance of any advertising device upon or within six hundred sixty (660) feet of the right-of-way of any interstate highway or federal-aid primary highway is prohibited."

[6] KYTC provided proof that Highway 914 was included in Moving Ahead for Progress in the 21st Century Act, effective July 1, 2012. 23 United States Code (U.S.C.) §103. KYTC also provided maps with 2012 effective dates indicated Highway 914 was designated part of the

## STANDARD OF REVIEW

An appellate court employs a *de novo* standard of review on questions concerning the propriety of a trial court's ruling on a motion for summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). Because factual findings are not at issue, the trial court's decision is granted no deference; review of a trial court's ruling on a motion for summary judgment is a matter of law. "A grant of summary judgment is reviewed *de novo* because factual findings are not at issue." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018), *review denied* (Mar. 6, 2019) (citing *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006)).

## ANALYSIS

At the outset we must first address, yet once again, the deficiencies presented by the Appellant's Brief. As this Court recently addressed the ongoing concern of the filing of non-compliant briefs:

> Before we turn to the merits of Appellants' arguments, we note that in contravention of [Kentucky Rules of Civil Procedure] CR 76.12(4)(c)(v), they do not have a preservation statement at the beginning of each argument, and they make no citations to the record whatsoever. CR 76.12(4)(c)(iv) and (v) require ample references to the record supporting each argument. The

---

National Highway System, and thus was a Federal-Aid Primary Highway in 2014 when the billboard was erected.

Court recently addressed these issues in *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374 (Ky. App. 2018). Given the length at which the Court in *Curty* urged compliance with CR 76.12(4)(c), we quote the rationale for the rule and the Court's warnings that leniency should not be presumed.

> CR 76.12(4)(c)[(v)] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

*Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting *Massie v. Persson*, 729 S.W.2d 448, 452 (Ky. App. 1987) [, *overruled on other grounds by Conner v. George W. Whitesides Co.*, 834 S.W.2d 652 (Ky. 1992)]). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

> **Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance**. Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis*, 328 S.W.3d 694,

696 (Ky. App. 2010).  Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for her attorney's failure to comply.  *Elwell* [*supra*].  While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.

*Curty*, 561 S.W.3d at 377-78 (emphasis added).

*Bewley v. Heady*, 610 S.W.3d 352, 354-55 (Ky. App. 2020).[7]

We again entreat attorneys filing appellate briefs to ensure compliance with CR 76.12 prior to filing a brief with this Court or the Kentucky Supreme Court.  Failing to do so not only subjects one's client to possibly having their cause dismissed, but it places the appellate court in a position of having to either dismiss the case or trudge through a non-compliant brief, not to mention that it forfeits quite a bit, if not all, of the persuasive power that the brief writer can command. We choose to do the latter, but again, we urge counsel to ensure that all future briefs are compliant with the rules concerning appellate practice.

---

[7] We include the footnote included by this Court in the *Bewley* Opinion and entreat practitioners to follow its advice:  "Regarding the ongoing problem of noncompliant briefing, we also direct counsel's attention to *Clark v. Workman*, 604 S.W.3d 616 (Ky. App. 2020)." *Bewley v. Heady*, 610 S.W.3d 352, 355, n.1 (Ky. App. 2020).

CR 76.12 (4)(c)(iv) and (v) both require "ample references to specific pages of the record" in both the "Statement of the Case" and in the "Argument" sections of the brief. The brief for the Appellant lacks completely any citations to the record; it is simply not compliant nor sufficient to cite to documents which may be found in the record using descriptors other than cites to their location in the record on appeal. The record on appeal is defined in CR 75.07 and is comprised of, generally, the pleadings, exhibits, documents, *etc.*, filed with the clerk of the circuit court from which the appeal is being taken. Each volume of the record shall be comprised of no more than 150 pages and the pages are indexed and numbered to ease citation to particular items contained therein. Simply determining to call a particular document a "Motion for Summary Judgment filed on 01/01/01" and considering such a citation to the record is simply not in compliance and is not sufficient.

In *Oakley v. Oakley*, counsel answered a second motion to strike the brief for failure to comply with CR 76.12(4)(c)(v) by pointing to the fact that copies of the documents were attached in the appendix. 391 S.W.3d 377, 379 (Ky. App. 2012). In response, this Court held:

> While appending items to the brief enables each member
> of this Court to quickly review certain documents, it does
> not obviate the specific language of the rule.
> Furthermore, an appellate court cannot consider items

that were not first presented to the trial court. By citing us to the specific location of the item in the record, we can confirm the document was presented to the trial court and is properly before us. Substantial compliance with CR 76.12 is essential and mandatory.

*Id.* at 380.

Further, the rule requires at the end of the brief an appendix of attachments, with citations to the record where each attachment might be found in the record on appeal. CR 76.12(4)(c)(vii). The appendix of the Appellant's Brief contains not one single citation to the record on appeal, not even for the ruling from which the appeal is taken.

When a brief is filed which is not in compliance with the Rules of Civil Procedure, this Court can choose to ignore the shortcomings, to strike the brief, or to review the claim of error for manifest injustice. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

> "A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12." Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR 76.12. Without pinpoint citations to the record, a court "must sift through a record to [find] the basis for a claim for relief." Expeditious relief would cease to exist without this requirement. "It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation under [our rules of procedure] . . . to provide specific references to the record."

The Commonwealth has failed to provide any support for its factual assertions in both its Statement of the Case and Argument sections of its brief. As such, it has failed to meet the substantial requirement of pinpoint citations to the record specified in CR 76.12, and we are within our discretion to strike its brief.

We are also within our discretion to dismiss the Commonwealth's appeal. The Commonwealth could have corrected any deficiencies raised by Roth in a reply brief, but the Commonwealth failed to file a reply brief. "Even though [Roth] pointed out [the Commonwealth's] briefs noncompliance with CR 76.12, [the Commonwealth] did not file a reply brief to correct [its] oversight. [Therefore,] [w]e would be justified in disregarding [the Commonwealth's] claim of error[.]" Finally, the Commonwealth has shown a repeated pattern in this case of failing to adhere to basic requirements of appellate practice in Kentucky.

"If a party fails to comply with [CR 76.12(4)(c)(v)], we may 'decline to address' his arguments." Whenever a party fails to provide "amply supportive references to the record . . . [w]e [are] justified in disregarding [that party's] claim of error[.]" "Appellants who desire review by this Court must ensure their briefs comply with our Rules of Civil Procedure."

*Commonwealth v. Roth*, 567 S.W.3d 591, 595-96 (Ky. 2019) (citations and footnotes omitted).

We point out that the Appellant filed no reply brief, even after the Appellee pointed out the deficiencies present in the Appellant's Brief. Such was a waste of an opportunity to address the shortcomings of the opening brief. Even

after such poor showing, however, we will not strike the brief and dismiss the appeal, but will go forward to determine the case on the merits. Again, however, we strongly caution counsel to ensure that future briefs are compliant as there is no guarantee such largesse will again be extended.

Turning now to the merits of the appeal, the Appellant asserts that the trial court erred in the entry of the 2018 order granting summary judgment in favor of KYTC, holding that Highway 914 is found to be a "federal-aid primary highway" under KRS 177.830(3) and was so at the time of the Appellant's installment of the billboard in 2014. Because that statute applies to the locus of the billboard, the billboard is *per se* illegal because it was not permitted, the trial court held, ordering the billboard be removed at the expense of Conley.

We agree with the trial court and, likewise, find that the billboard erected by the Appellant was illegal in that it was not permitted. KYTC had every right to seek relief in circuit court and we find the court properly entered both the order to remove the billboard and a permanent injunction against the future establishment by Conley of any other advertising signage at the locus.

Conley argues that since her successive permit application was not acted upon by KYTC, her due process rights were violated. Conley provides, however, no authority for any right to file a successive application. Ignoring the

-11-

fact that she did not pursue an appeal of the original denial, she instead argues that KYTC denied her the right to appeal *vis-à-vis* the successive application because it was not acted upon by KYTC. This argument is baseless and unpersuasive.

In her argument for relief, Conley ignores the fact that an employee of KYTC sent an email to the address listed by Conley on the application, informing Conley that the second application contained the same failings as the original application and that, if no response was received, the second application would be denied. Within several days, Conley erected the billboard. Any arguments that her due process rights were violated are preposterous and unsupported by the record; any due process rights she had, to wit, administrative appeal of the original denial, she squandered.

## CONCLUSION

We affirm the Pulaski Circuit Court's grant of summary judgment in favor of the Kentucky Department of Transportation, the order instructing Conley to dismantle the illegal billboard at her own expense, and the entry of a permanent injunction prohibiting any future unpermitted advertising signage at the location.

ALL CONCUR.

BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Dan Thompson                        Bridget L. Dunaway
Somerset, Kentucky                  Scott M. Webster
                                    London, Kentucky